STATE of Missouri, Respondent,

v.

Raymond Stanford MATHA, Appellant.

No. 52896.

Supreme Court of Missouri, Division No. 1.

Oct. 13, 1969.

Motion for Rehearing or to Transfer to Court En Banc Denied Nov. 10, 1969.

John C. Danforth, Atty. Gen., Dale L. Rollings, Asst. Atty. Gen., Jefferson City, for respondent.

Madigan & Hadican, J. Martin Hadican, St. Louis, for appellant.

HIGGINS, Commissioner.

Appellant was convicted by a jury of burglary, second degree, and stealing under an information charging those crimes and five previous convictions. Pursuant to that verdict and upon admission that appellant was duly convicted and served time on the five previous convictions as charged, the court assessed appellant's punishment at imprisonment in custody of the department of corrections for consecutive terms of six years for burglary, second degree, and two years for stealing, and sentenced him accordingly. Sections 560.070, 560.110, and 556.280, V.A.M.S.

Louis Pearlstein, manager of Pearlstein Fur Company, closed and left the company's store premises at 707 Washington Avenue, St. Louis, Missouri, about 8:30 p. m., November 4, 1965. The doors were locked and the display window in the entrance vestibule was intact. The display window contained fur pieces displayed on manikins. When Mr. Pearlstein arrived at the store the following morning the display window had been broken, a manikin was lying in the vestibule, and a fur piece had been taken from the manikin.

Around 10 p. m., November 4, 1965, Frank Bolin observed the display window to be intact. Around 11 p. m., he observed

a two-tone Ford automobile containing two persons pass him while he stood on the southwest corner of Eighth Street and Washington Avenue. The occupants of the Ford, particularly the passenger, stared at Mr. Bolin as the Ford was driven east on Washington Avenue. The automobile passed him three or four times as he stood on the southwest corner of Eighth Street and Washington. He crossed the intersection and, as he walked east on the north side of Washington, he observed the Ford make a U-turn at the intersection of Seventh Street and Washington Avenue and come to a stop facing west on the north side of Washington near the corner of Seventh and Washington. The passenger, later identified as the appellant by Mr. Bolin, alighted from the automobile and walked west on the north side of Washington toward Mr. Bolin. When within fifteen feet of Mr. Bolin appellant entered Pearlstein's vestibule. "* * * he ducked into it; he was walking and just suddenly side-stepped right into it." At this time Mr. Bolin was in front of Loew's Theater located two doors west of Pearlstein's; Mr. Bolin entered the lobby and requested the manager to call the police. While in and as he was leaving the theater lobby, he heard a "crash and glass breaking. * * * I was on my way back out to the sidewalk and I saw the passenger (appellant) that had gotten out of the car starting to enter the car again." He was carrying something under his arm. "It looked like a heavy coat." The Ford then passed Mr. Bolin going west on Washington. Mr. Bolin noted the license number ZN4–856.

Detective Gerald Guelker arrived at the scene about 11:25 p. m., November 4, 1965. Mr. Bolin gave him a description of the Ford automobile, its license number, and a description of the passenger he had observed in the car, entering the Pearlstein vestibule, and leaving with the coat. "* * * he had on * * * a light-blue shirt with the tail hanging outside, and the slacks were a dark color, a sport jacket and shiny slacks, they shined, it was an iridescent, like—not a silk, just a shiny color." The man's complexion was "Between a light and a medium colored and he had a mustache on his upper lip."

Detective Gene Boswell arrested appellant in the 4400 block on Washington near appellant's home at about 12:30 a. m., November 5, 1965, as a result of the license number furnished by Mr. Bolin. Appellant took the officer to the automobile and produced keys to open it for search. The fur piece was not found.

Investigation of Pearlstein's showed glass fragments both inside and outside the window. Two bricks were inside the window and a hole approximately six feet wide and seven feet high existed in the window.

Appellant's alibi was his presence in Kelly's Lounge from 3 p. m., November 4, 1965, to 12:30 a. m., November 5, 1965.

The stated facts and the inferences they warrant are sufficient to rebut appellant's principal contention that the state failed to make a case. Such evidence shows that appellant entered suddenly the vestibule of Pearlstein Fur Company which had been previously locked and with its display window intact; that immediately after appellant entered the vestibule a crash of breaking glass was heard when the window was broken by a brick, and appellant was seen leaving the vestibule with a coat under his arm. Thus, it was shown that appellant not only was present at the scene with opportunity to commit the crime of burglary and stealing, but he was also seen leaving the scene with stolen property, facts and circumstances which not only prove appellant's guilt but are also inconsistent with his innocence. See State v. Murphy, 356 Mo. 110, 201 S.W.2d 280; State v. McGlathery, Mo., 412 S.W.2d 445; State v. Rogers, Mo., 380 S.W.2d 398; State v. Irby, Mo., 423 S.W.2d 800.

Appellant argues that the most that can be made of the facts and circumstances of his case is "an opportunity to commit the [larceny] and possibly a suspicion of

guilt" as in State v. Murphy, supra. This argument overlooks the distinguishing feature of the two cases. In State v. Murphy, supra, there was no evidence, direct or circumstantial, that defendant ever had possession of the engine allegedly stolen; in this case, appellant was seen with the stolen merchandise in his possession as he left the scene. Neither are State v. Rogers, supra, and State v. Castaldi, Mo., 386 S.W. 2d 392, in point because those defendants were not shown to have any connection with the charged crimes other than presence at the scene. Admittedly, this distinction was established by a single witness, Frank Bolin, and appellant argues further that he contradicted himself in respect to the date of the events he witnessed and his opportunity to see and hear, but any such discrepancy went to his credibility, a matter for the jury to resolve. State v. Hill, Mo., 434 S.W.2d 529, 531[1].

■ Citing the rule that evidence of a different crime is generally inadmissible, State v. Mathis, Mo., 375 S.W.2d 196, State v. Garrison, 342 Mo. 453, 116 S.W.2d 23, and State v. Buxton, 324 Mo. 78, 22 S.W.2d 635, appellant argues he was prejudiced by testimony from witness Bolin that a breaking and entering of Ripley Clothing Store in the same area had occurred earlier in the evening of November 4, 1965. The difficulty with this contention is that the Ripley incident was first elicited in defendant's cross-examination of state's witness Bolin, and appellant is precluded from asserting error in connection with evidence presented by the state in clarification or explanation of the matter brought into the case by his own questions. State v. Holmes, Mo., 419 S.W.2d 15, 17[1, 2]; State v. Cohen, 254 Mo. 437, 162 S.W. 216, 220[6, 7]. This is so even if the subject was other offenses if the matter was first pursued in defendant's own questions. State v. Willis, Mo., 283 S.W.2d 534, 538 [7, 8].

■ Conceding that United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.

2d 1149, "does not apply to the present case of Matha because the lineup in which Matha appeared occurred before June 12, 1967," appellant argues that the "totality of circumstances," United States v. Wade, supra, Foster v. California, 394 U.S. 440, 89 S.Ct. 1127, 22 L.Ed.2d 402, shows unfair lineup procedures resulted in identification of appellant at trial. The totality of circumstances will not support appellant's contention. In brief, Witness Bolin had several face-to-face confrontations with appellant at the scene; he gave an accurate description of appellant to the police and, when arrested, appellant fit the description including the clothes he was said to be wearing; in the lineup appellant was shown with two other colored persons, both with mustaches, and, most importantly, no objection was made to Mr. Bolin's in-court identification of appellant. This totality of circumstances does not demonstrate an unfair trial. State v. Keeney, Mo., 425 S.W.2d 85, 90[7].

■ Appellant charges the court erred in permitting the prosecuting attorney, over defendant's objection, to cross-examine defense witnesses with respect to prior opportunity to testify. His argument is that this was designed to inform the jury to defendant's prejudice that the defendant had been tried previously and that these incidents violated Sections 547.010, V.A.M.S., and Criminal Rule 27.18, V.A.M.R., which provide that a former verdict shall not be used or referred to on subsequent new trial either in evidence or argument. Appellant concedes that in connection with several of his transcript references on this point, the court sustained his objections which was all the relief requested, and with respect to the few remaining references he admits that "the attorney for the state at no time expressly stated that the former trial of the defendant resulted in a verdict of guilty." The statute and rule have been construed to mean precisely what they say, that the prohibition applies to reference to verdict only, State v. Casey, Mo., 338 S.W.

2d 888, 891[4, 5], a vice admittedly absent from the references in this case.

■ Appellant charges that two bricks in evidence over his objection "were not sufficiently associated with the defendant, and the admission * * * thereby prejudiced the defendant." The general rule is that only those articles which fairly tend to connect defendant with the crime charged are admissible, whether found at the scene or in defendant's possession, State v. Witt, Mo., 371 S.W.2d 215, 219[7], State v. Smith, 357 Mo. 467, 209 S.W.2d 138; and appellant argues that the bricks found in Pearlstein's window do not tend to connect him with the Pearlstein burglary. In making this contention appellant argues that he was not seen in possession of any bricks and that there was no evidence of brick dust on his clothes; however he concedes the inference that the burglary was accomplished by these bricks being thrown through the display window. Subject to qualifications of relevance and identification, instruments employed in commission of a crime are admissible to show the nature of the instrument used. State v. Thresher, Mo., 350 S.W.2d 1, 7[12]. In addition to appellant's concessions, the evidence shows that the display window at Pearlstein's was intact a short time before appellant was seen to "duck" into the vestibule and that within a few moments the crash of breaking glass was heard immediately after which appellant was seen leaving the scene with a coat under his arm. Thus, the means of entry and connection with appellant are apparent.

Judgment affirmed.

HOUSER and WELBORN, CC., concur.

PER CURIAM:

The foregoing opinion by HIGGINS, C., is adopted as the opinion of the court.

All of the Judges concur.