**Raymond Stanford MATHA, Appellant,**

v.

**Harold R. SWENSON, Warden, Appellee.**

No. 71-1095.

United States Court of Appeals,
Eighth Circuit.

Oct. 15, 1971.

Sheldon Weinstein, St. Louis, Mo., on brief for appellant.

John C. Danforth, Atty. Gen., Jefferson City, Mo., and Kenneth M. Romines, Asst. Atty. Gen., on brief for appellee.

Before MATTHES, Chief Judge and BRIGHT and STEPHENSON, Circuit Judges.

### PER CURIAM.

On this appeal, we review an order of the district court, Judge Harper, denying habeas corpus relief to Raymond Stanford Matha, a Missouri state prisoner, who was convicted in 1966 of burglary and stealing. These convictions were affirmed by the Missouri Supreme Court in State v. Matha, 446 S.W.2d 829 (Mo.1969).

Matha's counsel raises two issues: 1) that the state court erred in admitting evidence tending to show that the defendant had participated in another burglary which occurred shortly before the burglary for which Matha was convicted; and 2) that the identification

---

37. Public Law 89-170, 79 Stat. 649, now 49 U.S.C.A. § 322(b) (2), (3). See 1965 U.S.Code Cong. and Admin.News 2923.

procedures of the line-up in which Matha appeared following his arrest violated due process. Judge Harper determined both contentions to be devoid of merit. He observed that the admission of the testimony pertaining to petitioner's commission of the earlier burglary presented no constitutional overtones, and therefore was not cognizable by a federal court through habeas corpus proceedings. Judge Harper also found that the record failed to demonstrate that the line-up procedures violated the petitioner's constitutional rights.

We agree with Judge Harper's rulings on these issues and affirm for the reasons stated in his unreported opinion.[1]

Affirmed.

---

1. Petitioner has filed a pro se supplemental brief in which he charges that he has had inadequate assistance of counsel since none of his attorneys have raised a double jeopardy defense. Petitioner's double jeopardy contention rests on the fact that he was retried for his offenses after the jury failed to reach a verdict at his first trial. This contention lacks merit. In 1824, the Supreme Court determined in United States v. Perez, 9 Wheat. 579, 22 U.S. 579, 6 L.Ed. 165, that a mistrial caused by a jury's inability to agree did not place a second trial under the ban of the double jeopardy clause of the Fifth Amendment. The Court has consistently reaffirmed the validity of the *Perez* decision. *E. g.,* Downum v. United States, 372 U.S. 734, 735–36, 83 S.Ct. 1033, 10 L.Ed.2d 100 (1963); Green v. United States, 355 U.S. 184, 188, 78 S.Ct. 221, 2 L.Ed.2d 199 (1957); *see* Houp v. State, 427 F.2d 254 (8th Cir. 1970).