**STATE of Missouri, Respondent,**

v.

**Jerry CONNER, Appellant.**

**No. WD31088.**

Missouri Court of Appeals, Western District.

Oct. 1, 1980.

Motion for Rehearing and/or Transfer to Supreme Court Denied Nov. 3, 1980.

Application to Transfer Denied Dec. 15, 1980.

---

Clifford A. Cohen, Public Defender, Gary L. Gardner, Asst. Public Defender, Kansas City, for appellant.

John Ashcroft, Atty. Gen., Jefferson City, Philip M. Koppe, Asst. Atty. Gen., Kansas City, for respondent.

Before WASSERSTROM, C. J., Presiding, and SHANGLER and MANFORD, JJ.

1. An identical provision appeared in former Rule 27.18 which was repealed effective January 1, 1980.

WASSERSTROM, Chief Judge.

Defendant appeals from his conviction by jury of burglary second degree and stealing. His two Points Relied On are: (1) that the trial court should have declared a mistrial because of a reference in evidence to a previous trial of this case; and (2) that the trial court should have suppressed certain fingerprint evidence.

## I.

This case was previously tried in February 1979 and resulted in a mistrial because of the inability of the jury to agree. The trial which resulted in the present conviction was held thereafter in April 1979. During the course of this second trial a state's witness Officer Irwin mentioned that a certain exhibit had been "broken in the first trial."

Defense counsel immediately objected to that statement and moved for a mistrial. The court instructed the jury to disregard the quoted statement but declined to declare a mistrial. Defendant now argues that Irwin's testimony violated Section 547.-010 (all statutory references are to RSMo 1978), for which reason a mistrial should have been granted. That statutory section provides that "[T]he former verdict shall not be used or referred to on the subsequent trial, either in the evidence or argument." [1]

The incident here did not constitute a violation of the quoted statute. That provision prohibits reference to the verdict, but not to the result of a trial other than the verdict. *State v. Casey*, 338 S.W.2d 888 (Mo.1960); *State v. Matha*, 446 S.W.2d 829 (Mo.1969). Irwin's passing statement during his testimony did not in any way refer to the verdict (indeed, there was none) and did not even indicate what the result of the first trial was.

In *State v. Casey, supra,* the court did say that it would be well in practice to refrain from any mention of a previous trial, because a reference to a former mistrial

might be prejudicial "under some circumstances." No special circumstances appear in this record which tend to show that defendant was in any way prejudiced by the remark in question.

The trial court committed no error in refusing the mistrial requested, and defendant's first point is disallowed.

## II.

■ The crime in this case was committed in November 1978, when a residence was entered by means of breaking a glass pane. The police examined the broken glass and found fingerprints thereon which they sent to the fingerprint examiner employed by the Kansas City, Missouri police department for examination and report. The examiner compared the prints submitted with fingerprints on file, including both those in the adult and those in the juvenile files. In the course of that examination the examiner consulted fingerprint cards taken of defendant in 1973, under an order of the juvenile court, when defendant was 13 years old. The comparison of the latent prints submitted by the police with the 1973 prints on record showed the fingerprints from the scene of the crime to be those of defendant.

Upon receipt of that report the police arrested defendant and took new fingerprints. The new fingerprints were also found to match the latent fingerprints on the broken glass.

Prior to trial, defendant moved to suppress from use in evidence the 1973 fingerprint record and also the 1978 fingerprint record. With respect to the 1973 fingerprints, defendant argues that its use would violate (and he now argues that its use did violate) Rule 122.03, which substantially rescripts Section 211.321(2). That Rule provides:

"All records of juveniles made and retained by law enforcement officers and agencies shall be kept separate from the records of other persons and shall not be open to inspection or their contents disclosed or distributed, except by order of the judge of the juvenile court. This Rule shall not apply to all such records of a juvenile in a case in which the court has dismissed the petition under Rule 118.04 to permit prosecution under the general law. The term 'records', as used in this Rule, shall include but is not limited to fingerprints and photographs of the juvenile." [2]

Defendant further argues that the use of the 1978 fingerprint cards was unlawful, because those prints were taken in connection with an unlawful arrest which was "the fruit of a poisoned tree."

To support his position that the use of the 1973 prints directly, and the 1978 prints indirectly, violated Rule 122.03, defendant argues "that before the fingerprints of a person, taken when he was a juvenile by order of the juvenile court, can be used for a purpose other than that for which they were originally ordered to be taken, there must be a further order of the juvenile court permitting their further use." Defendant offers no citation of authority to support that broad statement as to the effect of Rule 122.03. We cannot accept the construction so suggested.

Rather the purpose of Rule 122.03 and the related statute appears to be to prevent a broad, unrestricted use of juvenile records by the general public. This was the general objective to which the prohibition was addressed, as indicated by the opinion in *State ex rel. Arbeiter v. Reagan*, 427 S.W.2d 371, l.c. 377 (Mo. banc 1968) where the court remarked upon concerns "that in practice juvenile records are widely circulated to law enforcement officers, social agencies, the FBI and even to prospective employers." So also in Nation Juvenile Law Center, Law and Tactics in Juvenile Cases (2d Ed. 1974),

---

2. Defendant makes no reliance on Section 211.-271(3) which prohibits use as evidence of "all reports and records of the juvenile court." Defendant concedes that fingerprints taken under the circumstances such as here are admissible in evidence under *State v. Jones*, 571 S.W.2d 741 (Mo.App.1978). However, no argument was made or considered in *Jones* respecting Section 211.321(2) or Rule 122.03.

at page 161, in speaking of abuse of juvenile records, it is stated that "it is common for law enforcement agencies to exchange fingerprint records, or to transmit them to the central depository maintained by the Federal Bureau of Investigation. Once taken, fingerprints will normally be retained in the permanent files of these agencies, where access to them may be open to virtually countless persons and agencies." Further demonstrating this worry about the potential for abuse is the inquiry which led to Op.Atty.Gen. No. 93 (Jan. 16, 1958), in which questions were put by the Missouri State Highway Patrol to the Missouri Attorney General as to whether juvenile records might be furnished to the National Automobile Theft Bureau and similar agencies, to insurance companies and attorneys interested in civil actions, and to other law enforcement agencies and authorities.

As still further evidence of this basic underlying concern to provide a curb on overbroad general public usage, see Comment to Rule 122.01 which states: "No apparent reason exists why the court cannot, in granting consent to fingerprint or photograph a juvenile, impose limiting conditions upon its consent, such as that neither the originals nor copies of the fingerprints or photographs be released to other municipal, state or federal agencies without express consent of the court." See also the Comment to Rule 122.02 which states that that rule and the cognate statute (which provides that juvenile records "shall be open to inspection only by order of the judge of the juvenile court") "represents a public policy decision by the General Assembly to ensure the confidential, *nonpublic* nature of juvenile court records." (emphasis added)

The use of the defendant's 1973 fingerprint records in this case was not of a nature within the concern outlined above. The use here was not a general public use, but instead was restricted to a narrow use for local investigations by the very agency which originally took the prints under order of the juvenile court and which has had custody of the fingerprint cards ever since. The use of the 1973 fingerprint records made in this case did not violate the policy or scope of Rule 122.03 or the related statute. The motion to suppress was therefore properly overruled. Defendant's point 2 is disallowed.

The judgments of conviction and sentence are affirmed.

All concur.