**STATE of Missouri, Respondent,**

v.

**Willard TOLSON, Appellant.**

**No. WD 32810.**

Missouri Court of Appeals,
Western District.

March 9, 1982.

Craig A. Smith, Columbia, for appellant.

John Ashcroft, Atty. Gen., Priscilla Gunn, Asst. Atty. Gen., Jefferson City, for respondent.

Before CLARK, P. J., and MANFORD and KENNEDY, JJ.

CLARK, Presiding Judge.

Willard Tolson was convicted by a jury of first degree burglary and was sentenced to a term of five years. On this appeal he contends, first, that there was insufficient evidence to support the conviction and, second, that the trial court committed plain error in failing to give mandatory instructions where two or more persons are involved in commission of an offense. Affirmed.

In the hours after midnight June 11, 1980, two young women asleep in the second floor area of their apartment were awakened by sounds on the lower floor. The apartment was dark except for a light in the kitchen where drawers and doors were heard being opened. Footsteps then ascended the stairs and when a light was turned on in the bedroom, Tolson was in the room with a companion who was searching the drawers of a dresser. Tolson was later identified at trial as one of the men who had effected entry into the apartment.

When discovered, Tolson and his companion fled. The women went to the lower floor and found the kitchen in disarray with the contents of one woman's purse on the floor. A quantity of currency was missing. Entry had been accomplished through a sliding glass door. At trial, Tolson acknowledged being in the apartment but claimed he and his friend were looking for a party they understood was in progress and left when they decided they had entered the wrong apartment.

In his first point, Tolson claims the evidence made no case against him because there was no proof he entered the apartment with intent to steal. He suggests that at best the evidence showed only an unlawful entry with a suspicion of illicit activity, all of which was explained by his own testimony accounting for his presence in the apartment.

▮ When the evidence is viewed in conformity with the jury's verdict and is accorded all favorable inferences while contrary inferences and evidence are disregarded, *State v. Brueckner*, 617 S.W.2d 405 (Mo. App.1981), a case submissible to the jury was made. The elements of burglary in the first degree as charged against Tolson, § 569.160, RSMo 1978, are unlawful entry to an inhabitable structure with the intent to steal while an occupant of the dwelling was in the structure. The only element Tolson could or does claim was lacking was proof of his intent to steal. The elements of burglary, as in any other offense, must be established beyond a reasonable doubt but intent, which is usually not susceptible to direct proof, may be established by circumstantial evidence. *State v. Ludwig*, 609 S.W.2d 417 (Mo.1980). A case may properly

 

be given to the jury even though some other hypothesis consistent with innocence exists. *State v. Dudley*, 617 S.W.2d 637 (Mo.App.1981).

Here, evidence favorable to the state showed Tolson entered the apartment of strangers through a patio door, climbed a darkened stairway to a bedroom area and fled when discovered. After Tolson left, the contents of the apartment were found to have been disturbed and money was missing. Substantial evidence, although circumstantial, supports the conclusion that Tolson entered the apartment with the intent to steal money or property. The jury was entitled to so find and to disbelieve Tolson's version that he was merely looking for a party to which he had been invited.

Tolson next contends the trial court erred in failing to instruct the jury in conformity with MAI–CR2d 2.10 and 2.12. The gist of the point appears to be Tolson's assumption that the subject burglary was actually committed by Tolson's companion and that the jury should have been instructed as to the responsibility of one who aids and abets another as well as the inferences which may be drawn from evidence that the accused was present at the scene of an offense at the time it was committed. Here the verdict directing instruction made no reference to the conjunctive acts of two or more persons in the commission of the offense but charged Tolson as a principal.

Tolson failed to raise and preserve the point before the trial court. He asks that it be considered as plain error under Rule 84.13(c). In general, instruction error is not plain error unless the trial court has so misdirected or failed to instruct the jury on the law of the case as to cause manifest injustice. *State v. Young*, 610 S.W.2d 8 (Mo.App.1980), *cert. denied*, 452 U.S. 908, 101 S.Ct. 3037, 69 L.Ed.2d 410 (1981). The difficulty with Tolson's contention is that the form of instruction given aided rather than prejudiced his case. As the instruction was drawn, charging Tolson as a principal in the commission of the offense, the state assumed the burden of proving that Tolson himself committed the burglary thus denying to the state the opportunity to rely on any acts of Tolson's companion. There was no misdirection of the jury and Tolson's conviction could not have been based, as he now suggests, on his mere presence at the scene.

The judgment is affirmed.

All concur.