STATE of Missouri,
Plaintiff–Respondent,

v.

Anthony PICKENS,
Defendant–Appellant.

Anthony PICKENS, Plaintiff–Appellant,

v.

STATE of Missouri,
Defendant–Respondent.

Nos. 53837, 55772.

Missouri Court of Appeals,
Eastern District, Division Two.

Oct. 24, 1989.

Motion for Rehearing and/or Transfer to Supreme Court Denied Nov. 28, 1989.

Jonathan W. Belsky, Clayton, for defendant-appellant.

William L. Webster, Atty. Gen., Elizabeth L. Ziegler, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

PUDLOWSKI, Presiding Judge.

This is a combined direct appeal and Rule 29.15 appeal after a conviction of second degree murder. Defendant, Anthony Pickens, was sentenced as a prior offender to a term of life imprisonment. We affirm.

On the night of August 2, 1986, a dance party was held at 4023A Finney in the city of St. Louis. Between seventy-five and one hundred people attended the party. An admission of seventy-five cents was charged. A dispute arose when one person refused to pay the admission price. As a result of this dispute defendant's brother, Antowine Pickens, was fatally shot.

Defendant went to the hospital where he learned that his brother had died. When he returned home defendant's mother told him to go and hurt anybody who said Antowine was wrong.

Meanwhile the victim Daryl Toran, along with another man, returned to the house of the party to get a stereo set. He kicked the door in and entered the apartment. He then secured a rifle from behind a door. A short time later, defendant and Lemansky Thomas entered the apartment. Defendant was told "the guy who killed your brother [is] in the kitchen." Defendant entered the kitchen, Toran pulled out the rifle, aimed it at him, pulled the trigger, but the gun misfired. Toran was then dragged outside

and a gang of approximately eight persons, including defendant, began beating Toran to death after defendant told the group that Toran killed his brother. He was bludgeoned to death with various items such as boards, a broken .22 caliber rifle, a broken beer bottle, and a brick.

Defendant, both on a videotaped statement after the incident and at trial, stated Toran pointed the gun at him and was then disarmed. He admitted that the two began fighting outside the apartment. He further stated that he left the scene while the victim was still alive. Additional evidence will be addressed as we consider the defendant's points on appeal.

■ In his first point defendant contends the trial court erred in allowing the state to use prior inconsistent statements to impeach its own witness and as substantive evidence. Defendant relies on authority that predates the Missouri Supreme Court's decision in *State v. Bowman*, 741 S.W.2d 10 (Mo. banc 1987) which addresses this issue. His reliance on those authorities is misplaced. In *Bowman* the court first upheld the constitutionality of § 491.074 RSMo 1986 which provides:

> ... a prior inconsistent statement of any witness testifying in the trial of an offense under Chapter 565, 566, or 568 RSMo, shall be received as substantive evidence, and the party offering the prior inconsistent statement may argue the truth of such statement.

In that case the prior inconsistent confession of a witness was used at trial where the witness at trial admitted making statements to the police but argued he was lying at the time. *Id.* at 13. The court held that the state was not required to lay the traditional foundation of a prior inconsistent statement but rather the only necessary foundation is the inquiry as to whether the witness made the statement and whether the statement is true. *Id.* at 14. The statute then applies unless the witness at trial emphatically denies making the prior statement. *State v. Oliver*, 775 S.W.2d 308, 311 (Mo.App.1989).

The state clearly followed the rules set forth in *Bowman*. The witness, Harold Meeks, did not deny making the prior statements. These prior inconsistent statements provided eyewitness testimony that defendant participated in the beating of Toran and that he indicated he was doing this because Toran killed his brother. Additionally, the prior inconsistent statements of Lorenzo Jackson and Otis Lee Perkins provided admissions by defendant in that Jackson overheard defendant state they had killed Toran, and Perkins also provided statements concerning defendant's involvement in the beating.

Defendant further argues the phrase "... a prior inconsistent statement of any witness testifying in the trial of an offense under Chapters 565, 566, or 568 RSMo," referred to in § 491.074 indicates that the prior inconsistent statement must have been made in a former trial. This argument is refuted by the plain language of the statute as well as *State v. Bowman, supra*. The statement provides explicit authority for receiving the witness' prior inconsistent statement to police as substantive evidence against the defendant. *Id.* at 12. *See also State v. Belk*, 759 S.W.2d 257, 259, 260 (Mo.App.1988). Defendant's first point is denied.

The second point defendant raises on appeal asserts that the trial court erred in denying defendant's motion for acquittal because the weight of the evidence presented by the state was insufficient to convict him.

■ Defendant's argument seems to be that this was a circumstantial evidence case. The record clearly refutes this. In determining the sufficiency of the evidence, we must view the evidence in the light most favorable to the verdict, affording the state all reasonable inferences from that evidence. *State v. Rodden*, 728 S.W.2d 212, 213 (Mo. banc 1987). The circumstantial evidence instruction and standard are not given if there is both direct and circumstantial evidence. *State v. Bannister*, 680 S.W.2d 141, 148 (Mo. banc 1984), *cert. denied*, 471 U.S. 1009, 105 S.Ct. 1879, 85 L.Ed.2d 170 (1984). Admissions constitute direct evidence and eliminate the need for circumstantial evidence review; a state-

ment need not be an express acknowledgment of guilt to qualify as an admission but depends upon the circumstances. *Id.*

■ The state introduced defendant's videotaped statement into evidence. This constituted direct evidence. Defendant stated he was present at the scene and beat the victim but the victim was still alive when defendant left. He also testified at trial that he was present at the scene. Furthermore, the state introduced direct evidence through the prior inconsistent statements of witnesses which could be considered as substantive evidence under § 491.074 RSMo 1986. The state provided enough direct evidence of defendant's guilt to meet its burden of proof. Point denied.

The third point defendant raises alleges the trial court erred in not instructing the jury on self-defense. Defendant's point reads "the trial court erred in refusing to instruct the jury on the issue of self-defense." This point relied on does not give a reason why this failure by the court is erroneous. This violates Supreme Court Rule 30.06(d). Defendant fails to preserve anything for this court to review. *See Tate v. State,* 773 S.W.2d 190 (Mo.App.1989). We therefore decline consideration of the point. Point denied.

The fourth point that defendant raises argues that the trial court erred in sentencing defendant because it failed to consider the mitigating factor of his brother's death. This point is waived on appeal because he has failed to cite any applicable authority. *See State v. Scott,* 651 S.W.2d 199, 201 (Mo.App.1983), and because he has failed to provide any record concerning the trial court's sentencing. *See State v. Morris,* 680 S.W.2d 315, 321 (Mo.App.1984).

■ In his final point defendant asserts error in that the motion court overruled defendant's 29.15 motion without an evidentiary hearing. Defendant's motion was filed August 11, 1988, well after the June 30, 1988 deadline. The Missouri Supreme Court upheld the constitutionality of the time limitations contained in Supreme Court Rules 24.035 and 29.15. The court found these mandatory limitations to be

reasonable, serving the legitimate interest of avoiding delay in the processing of prisoner's claims and in preventing the litigation of stale claims. *Day v. State,* 770 S.W.2d 692 (Mo. banc 1989). The motion court did not err. Point denied.

We affirm the trial court's conviction and denial of defendant's motion.

CRANDALL and KAROHL, JJ., concur.