**Richard Duane BROWN,
Movant–Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 16584.**

Missouri Court of Appeals,
Southern District,
Division Two.

July 25, 1990.

Ellen H. Flottman, Columbia, for movant-appellant.

William L. Webster, Atty. Gen., Robert P. Sass, Asst. Atty. Gen., Jefferson City, for respondent.

SHRUM, Judge.

Movant, Richard Duane Brown, appeals from the denial, without evidentiary hearing, of his Rule 29.15[1] motion. Movant filed the Rule 29.15 motion pro se on September 20, 1988. The trial court appointed counsel to assist movant on September 27, 1988. The original pro se motion was not amended. The trial court denied movant's request for post-conviction relief because of his failure to file the motion before June 30, 1988. The trial court ruled movant waived his right to proceed under Rule 29.15 by untimely filing of the motion.

Movant was convicted by a jury of one count of burglary, § 569.170, and one count of stealing, § 570.030. Determined to be a persistent offender under § 558.016, movant was sentenced to an extended term of 10 years on each count, to run consecutively, and to run consecutively to a sentence imposed in Benton County, Missouri. A post-conviction Rule 27.26 motion resulted in the sentences being vacated. Thereafter, on February 14, 1984, movant was resentenced to the same terms. The sentences were affirmed on direct appeal. *State v. Brown,* 708 S.W.2d 140 (Mo. banc 1986); on remand, *State v. Brown,* 716 S.W.2d 436 (Mo.App.1986).

■ The record clearly shows sentence was pronounced before January 1, 1988. Rule 29.15(m) provides, "[f]ailure to file a

1. References to rules and statutes are to Missouri Rules of Civil Procedure (20th ed. 1989) and RSMo 1978, except where otherwise indicated.

motion on or before June 30, 1988, shall constitute a complete waiver of the right to proceed under this Rule 29.15" in those instances where the sentence is pronounced before January 1, 1988. The time limits of Rule 29.15 are valid and mandatory. *Day v. State,* 770 S.W.2d 692, 695 (Mo. banc 1989), *cert. denied,* —— U.S. ——, 110 S.Ct. 186, 107 L.Ed.2d 141 (1989); *Cheek v. State,* 776 S.W.2d 66, 67 (Mo.App.1989). The trial court was without authority to give additional time beyond that provided by Rule 29.15. *Sloan v. State,* 779 S.W.2d 580, 582 (Mo. banc 1989). The trial court's finding that movant's Rule 29.15 motion was first filed September 20, 1989, and hence, was not timely filed, is not clearly erroneous. Rule 29.15(j). The mandatory time limitations in Rule 29.15 are reasonable, serve the legitimate interest of avoiding delay in the processing of prisoner's claims and preventing the litigation of stale claims. *Day v. State, supra; State v. Pickens,* 780 S.W.2d 355, 357 (Mo.App. 1989). The trial court did not err in overruling movant's motion without an evidentiary hearing.

 Movant's claim of the unconstitutionality of Rule 29.15, as violative of his rights to due process under the Fifth Amendment to the United States Constitution, is without merit and is rejected. The time limitations of Rule 29.15 were found to be constitutionally valid in *Day v. State,* 770 S.W.2d at 695. Rule 29.15 provides for those found guilty at trial the same due process protection provided by Rule 24.035 for those entering a plea of guilty. *Loewe v. State,* 778 S.W.2d 331, 333 (Mo.App. 1989).

Movant's claim that Rule 29.15 violates his rights to due process because of its claimed "res judicata" effect on the constitutional right to habeas corpus review is also without merit. The claim that Rule 29.15 suspended the writ of habeas corpus in violation of Mo. CONST. art. I, § 12, was rejected in *Wiglesworth v. Wyrick,* 531 S.W.2d 713, 714–16 (Mo. banc 1976). The decision in *Wiglesworth v. Wyrick, supra,* resolves the issue against movant's claim now asserted against Rule 29.15. *Watson*

*v. State,* 778 S.W.2d 662, 664 (Mo.App. 1989).

 Movant's challenges of Rule 29.15 on constitutional grounds are also rejected because the challenges were not made before the trial court. *Watson v. State,* 778 S.W.2d at 664; *Griffin v. State,* 684 S.W.2d 425, 428 (Mo.App.1984), and are rejected for the further reason that they were not raised at the earliest possible opportunity. *Watson v. State, supra,* at 664–65; *Griffin, supra,* at 428.

Finally, movant's claim that the time limits of Rule 29.15 amount to a suspension of his right to habeas corpus is an issue which is not before the court. There was no pleading before the trial court seeking a writ of habeas corpus. *Cheek v. State, supra,* at 68.

Accordingly, the judgment is affirmed.

FLANIGAN, C.J., and HOGAN, J., concur.