STATE of Missouri ex rel. S.M.H. and W.D.H., Relators,

v.

Honorable Steven H. GOLDMAN, Circuit Judge, Division 12, Missouri Circuit Court, Twenty–First Judicial Circuit, County of St. Louis, Respondent.

No. ED 84495.

Missouri Court of Appeals, Eastern District, Writ Division Four.

Aug. 3, 2004.

Thomas Michael Ward, St. Louis, MO, for appellant.

Patrick William Keefe, Ellisville, MO, for respondent.

**SHERRI B. SULLIVAN, P.J.**

S.M.H. and W.D.H. (collectively Relators), individually and on behalf of their minor son, M.J.H. (Son), filed a Petition for Writ of Prohibition (Petition), along with Suggestions in Support and Exhibits, challenging an order entered by Respondent compelling Relators "to produce any and all copies of the contents of the social file of [Son] which are in their possession." Respondent filed Suggestions in Opposition to the Petition, along with Exhibits, to which Relators filed a Reply. We issued a Preliminary Order in Prohibition, to which Respondent filed an Answer. The parties have briefed the case. We dispense with oral argument, as permitted by Supreme Court Rule 84.24, and we make our preliminary order absolute.

The record reveals the following. The underlying case is a negligent supervision action in which Relators are the defendants and the plaintiff, B.C.B. (Plaintiff), a minor, by his next friend N.B., Jr., alleges that Son shot him in the eye with a paintball gun as a direct and proximate result of Relators' negligent supervision of Son.[1] During the course of discovery in the case, Plaintiff served on Relators a request for production of documents that included a

---

1. Previously, pursuant to Section 211.031 RSMo, the Juvenile Officer of St. Louis County filed a Petition alleging that Son committed the class C felony of assault in the second degree. After a hearing, the family court judge found the allegations to be true and took jurisdiction over Son until December 2001.

request for "[c]opies of any and all documents which refer or relate to the accident at issue in this lawsuit." Relators response to Plaintiff's request essentially consisted of a photocopy of a sympathy card given by Relators to Plaintiff after the incident.

Subsequently, Plaintiff filed a Motion to Compel with Respondent stating that "Plaintiff has become aware that [Relators] are in possession of documents responsive to" the request stated above, including documents relating "to juvenile proceedings that were conducted in regard to this matter." The documents referred to by Plaintiff include a Deputy Juvenile Officer's Investigation and a Psychological Evaluation. Plaintiff also filed a Motion for Release of All Juvenile Records of Son in the Family Court of the County of St. Louis, which was denied. Respondent, however, granted Plaintiff's Motion to Compel, ordering Relators "to produce any and all copies of the contents of the social file of [Son] which are in their possession." A subsequent order by Respondent allows Relators to redact from the social file identifying information as to all people other than Relators and Son. Respondent stayed his orders pending our determination of Relators' Petition.

■ Section 211.321 [2] provides in relevant part:

1. Records of juvenile court proceedings as well as all information obtained and social records prepared in the discharge of official duty for the court shall not be open to inspection or their contents disclosed, except by order of the court to persons having a legitimate interest therein, . . . .

2. . . .

(2) . . . [T]he social summaries, investigations or updates in the nature of presentence investigations, and status reports submitted to the court by any treating agency or individual after the dispositional order is entered shall be kept confidential and shall be opened to inspection only by order of the judge of the juvenile court.

The documents requested by Plaintiff and ordered to be produced by Respondent, including the Deputy Juvenile Officer's Investigation and the Psychological Evaluation, are within the scope of those documents mentioned in Section 211.321, and therefore the documents are confidential absent an order of the judge of the juvenile court.[3] Plaintiff's Motion for Release of All Juvenile Records of Son filed in the Family Court of the County of St. Louis was denied.

Respondent ordering Relators to produce copies of the documents in their possession as opposed to copies from the contents of the records of the juvenile court does not save Respondent's order. The end result would be the same, namely disclosure of confidential documents and a violation of the spirit of the law. The confidential character of the documents is not lost simply because copies of the documents are in Relators' possession. A purpose of Section 211.321 is to prevent a broad, unrestricted use of juvenile records by the general public. See State v. Conner, 607 S.W.2d 784, 786 (Mo.App. W.D. 1980). This purpose stems from a concern for the potential for abuse of juvenile records, including use by attorneys in civil

---

**2.** All statutory references are to RSMo 2000, unless otherwise indicated.

**3.** We are aware of a criminal case in which a defendant sought a disclosure of juvenile rec-

ords order from the trial court, but the trial court denied the request, and the case was affirmed on appeal. State v. Davison, 884 S.W.2d 701 (Mo.App. S.D.1994).

actions. *See id.* at 786–787. The obvious underlying purpose of the statutory requirement of confidentiality and limited disclosure is to protect the child. *See In the Interest of J.A.C.,* 716 S.W.2d 813, 815 (Mo.App. W.D.1986). Further, the Comment to Supreme Court Rule 122.02 states:

> This Rule 122.02 restates the substance of section 211.321.1, RSMo, which represents a public policy decision by the General Assembly to limit the disclosure of juvenile records.

We note that whether or not a party has a legitimate interest in the contents of the records of the juvenile court varies from case to case and the question is one to be decided by the juvenile court in its discretion, being guided by the policy considerations underlying Section 211.321 and other provisions of the juvenile code. *In the Interest of J.A.C.,* 716 S.W.2d at 815. The general policy of the juvenile code is to hold the records of juvenile proceedings inviolate. *Id.* Again, Plaintiff's Motion for Release of All Juvenile Records of Son filed in the Family Court of the County of St. Louis was denied and that ruling is not being challenged.

■ We briefly address an issue raised by Respondent regarding whether or not Relators have standing to invoke the privilege against the release and use of juvenile records. Respondent argues that the privilege belongs to the juvenile and not to the parents. Generally, this statement is accurate. *See State ex rel. Rowland v. O'Toole,* 884 S.W.2d 100, 102 (Mo.App. E.D.1994). However, a parent, as the natural guardian, has a right to claim the privilege on behalf of his or her minor child when it would be in the best interests of the child. *See In re Marriage of Daneshfar,* 953 S.W.2d 95, 102 (Mo.App. S.D.1997). It is in Son's best interest not to have the documents subject to Respon-

dent's order, including the Deputy Juvenile Officer's Investigation and the Psychological Evaluation that are part of his juvenile court records, be made public. This conclusion is in accord with the spirit of the juvenile code.

■ Generally, a writ of prohibition is issued when it falls within one of three categories: (1) where there is a usurpation of judicial power because the trial court lacks either personal or subject matter jurisdiction; (2) where there exists a clear excess of jurisdiction or abuse of discretion such that the trial court lacks the power to act as contemplated; or (3) where there is no adequate remedy by appeal. *State ex rel. Euclid Plaza Associates, L.L.C. v. Mason,* 81 S.W.3d 573, 576 (Mo.App. E.D. 2002). We find that Respondent clearly exceeded his jurisdiction in ordering Relators "to produce any and all copies of the contents of the social file of [Son] which are in their possession" such that he lacked the power to enter his order. Accordingly, our Preliminary Order in Prohibition is made absolute.[4]

LAWRENCE G. CRAHAN and PATRICIA L. COHEN, JJ., concur.

---

**4.** Respondent's Motion to Seal Exhibit is granted.