**STATE of Missouri, Respondent,**

v.

**Clyde Ben CASEY, Jr., Appellant.**

**No. 47715.**

Supreme Court of Missouri,

Division No. 1.

Oct. 10, 1960.

Charles M. Shaw, Clayton, for appellant.

John M. Dalton, Atty. Gen., Paul N. Chitwood, Asst. Atty. Gen., for respondent.

COIL, Commissioner.

A jury convicted Clyde Ben Casey, Jr., of robbery in the first degree with a dangerous and deadly weapon and fixed his punishment at ten years in the state penitentiary. Casey has filed no appellate brief and we therefore examine the assignments of error contained in his motion for new trial. Assignments 1 and 2 urged that the trial court erred in admitting state's exhibits 5 and 17, respectively, each of which was a portion of a lady's nylon stocking which had been knotted at the top so that it could be used as a cap and mask over one's head and face. The third and final assignment charged that the trial court erred in failing to declare a mistrial because the state's attorney disclosed to the jury that a prior trial of defendant for the same offense had resulted in a mistrial.

The evidence tended to show that on November 17, 1958, Armin Wachter was robbed in his drugstore at 9th and Russell in St. Louis. About 8:30 in the evening Joan Casey, with whom defendant had been living immediately prior to the occasion in question, entered the drugstore, made a purchase, and departed. Shortly thereafter three men entered, each with a portion of a lady's nylon stocking covering his face. Two of the men had automatic pistols which they pointed at Mr. Wachter, demanded and took $1,300 of his cash and his checks amounting to $400.

During the robbery, one of Wachter's employees went from the rear of the store into a hall and upstairs where he informed a doctor who officed there of the fact of the holdup. While the doctor called the police the employee saw through a front window a 1955 grey-and-white Oldsmobile (which had been theretofore stolen from its owner) standing in front of the drugstore with a person in the driver's seat. Thereafter, he saw three men leave the store, get into the Oldsmobile, one in the front seat and two in the back, and the Oldsmobile drive away. Meanwhile, two police officers in a patrol car who had been alerted, apparently

through the doctor's call, saw and pursued the Oldsmobile as it turned west on Geyer from 9th Street. West of 10th the Oldsmobile pulled to the curb and the police car pulled alongside. At that time the driver of the Oldsmobile, Joan Casey, saw the policemen and drove rapidly away with the police car in pursuit. During the time the police officers were stopped abreast the Oldsmobile and later as they pursued it, they both identified Joan Casey as the driver and the defendant as one of the occupants of the rear seat. The Oldsmobile eluded pursuit and was found abandoned that same evening. Meanwhile, a Mercury automobile belonging to the defendant was found parked in the 1000 block of Geyer, and Joan Casey was arrested later that same evening when she arrived by taxicab and was preparing to enter the Mercury.

In the abandoned Oldsmobile were found three cigar boxes which had contained money taken from the drugstore, as well as other stolen items, including some of the checks. Also found in the abandoned Oldsmobile was exhibit 5 which, as heretofore noted, was a portion of a lady's nylon stocking which had been knotted at the top, and which was identified as identical in color and similar in other respects to the stocking masks the three Wachter robbers had worn.

■ While, as noted, defendant charged the trial court with error in admitting in evidence exhibit 5, not only is it apparent that the exhibit was clearly admissible as circumstantial evidence tending to prove the state's contention that defendant was one of the men who held up and robbed Mr. Wachter, but the record shows that defendant's counsel not only failed to object to the exhibit but specifically stated that he had no objection to its admission.

On December 5, 1958, eighteen days following the robbery, defendant was arrested under these circumstances. About 2 o'clock in the afternoon, two police officers in a patrol car saw defendant riding as a passenger in the front seat of an automobile between one Griffin who was driving and one Stevens, the other passenger. The officers stopped the car and "placed them under arrest." The automobile was searched. On the ledge immediately in front of the rear window were three caps stacked one inside the other, and exhibit 17 (a portion of a lady's nylon stocking knotted at the top) was found inside one of the caps. The officer who found the exhibit testified that it was similar in color and texture to state's exhibit 5, which, as noted, had been described as identical in color and similar in other respects to the masks worn by the robbers at the time of the holdup. The automobile in which defendant was riding at the time of his arrest was not his. Its ownership was not shown in evidence and it was not shown that either of the persons with defendant was connected with the robbery in question.

Defendant objected to the admission of exhibit 17 for the same reasons he set forth in his new trial motion in assigning error in its admission, viz., in substance, that the exhibit had no probative value as evidence, being wholly immaterial and irrelevant to any issuable fact; that its only purpose and function was to prejudice defendant in that it formed a basis supporting a jury inference that defendant was of bad character and perhaps guilty of another offense at the time of his arrest; and that in any event the fact that the exhibit was in the automobile in which defendant was riding 18 days after the Wachter robbery made the exhibit too remote in point of time to be admissible as evidence.

It is true that exhibit 17 was not shown to have belonged to the defendant; nor was it identified as one of the masks used in the Wachter robbery; nor was it found on the defendant's person or in a vehicle belonging to him. Thus the exhibit was not shown to have been either defendant's property or in his possession or necessarily under his control. Nevertheless, there was testimony that exhibit 17 was similar in color and texture to exhibit 5, and there was testimony that exhibit 5 was identical

in color and similar in other respects to the stocking masks on the faces of the three men who robbed Mr. Wachter; and there was testimony that defendant was an occupant of the automobile which had left the scene of the holdup and in which exhibit 5 was found shortly after the robbery.

 While it seems to us that exhibit 17 and the evidence concerning it was a circumstance of little and rather tenuous evidentiary value, still, considered in connection with the other circumstantial evidence in the case, we are of the opinion that the trial court did not err in admitting it. And we are of the view also that the trial court did not abuse its discretion in admitting the evidence over the further objection that it was too remote solely because the exhibit was found 18 days after the robbery. See: State v. Johnson, Mo., 286 S.W. 2d 787, 792[6–10]; State v. Smith, 358 Mo. 1, 212 S.W.2d 787, 789[7, 8]; State v. Fenley, 309 Mo. 520, 532, 275 S.W. 36, 40[8, 9]; 22 C.J.S. Criminal Law § 637, p. 977, and § 638, p. 977 et seq.

The record discloses that there had been several trials involving the occurrence of the Wachter robbery and that defendant had theretofore been tried on the present charge. There had been questions of several witnesses whether they had testified at the last trial or at a former trial and whether they recalled certain questions and answers. When defendant's counsel was cross-examining one of the police officers he asked whether the witness remembered his prior testimony in a case wherein Clyde Casey was the defendant, and whether he had been asked a certain question and had given a certain answer. The assistant circuit attorney interposed, "May the record show that the trial which occurred on April 22nd resulted in a mistrial?" Thereupon, out of the hearing of the jury, defendant's counsel moved for a mistrial for the reason that state's counsel had referred to the result of another trial, in violation of the mandate of Supreme Court Rule 27.18. The trial court denied the motion and, as hereto-

fore noted, defendant assigned that ruling as error in his new trial motion.

 Supreme Court Rule 27.18 (V.A. M.R.) provides inter alia, "The former verdict shall not be used or referred to on the subsequent trial, either in the evidence or argument." The state correctly contends that the rule means precisely what it says and thus that the prohibition applies to a "verdict" only, not to the "result" of a trial other than a "verdict." In State v. Pruitt, Mo., 169 S.W.2d 399, 400[1, 2], this definition of "verdict" was quoted with approval from 23 C.J.S. Criminal Law § 1393: " * * * 'the verdict is the definitive answer given by the jury to the court concerning the matters of fact committed to the jury for their deliberation and determination.'" Thus, the prohibition of the rule is against reference in evidence or argument to a former jury's finding that defendant was guilty of the crime charged.

 It probably would be well in practice to refrain from reference to the "result" of a former trial, irrespective of the fact that the "result" might not have been a "verdict." Under some circumstances, reference to a former mistrial might be prejudicial. It appears, however, that the defendant under the circumstances of the present case could not have been prejudiced by the jury's knowledge that the prior trial on the same charge had resulted in a mistrial. That is because the jury knew by references in the examination of witnesses that there had been a prior trial of defendant on this same charge. That knowledge provided a basis for the present jury to speculate that the prior jury had convicted the defendant and that he was being retried because of some technical error in the former trial. Thus, when the jury was informed that the prior trial had resulted in a mistrial rather than in the defendant's conviction, it seems to us that such information, if effective at all, was beneficial to the defendant. Defendant has not suggested or demonstrated how or wherein he was or might have been prejudiced by the incident

in question, but contends only that the state violated the "mandatory prohibition against the mentioning of the results of the former trial."

We have examined those matters which we review irrespective of whether preserved for review or urged upon appeal and find no error in connection with them.

The judgment is affirmed.

HOLMAN and HOUSER, CC., concur.

PER CURIAM.

The foregoing opinion by COIL, C., is adopted as the opinion of the court.

All concur.