**Bob ELMORE, d/b/a Bob's Real Estate, Plaintiff-Appellant,**

v.

**James WHORTON, Individually and as agent for Robert Leonard, d/b/a the R. Leonard Company, Robert Leonard, d/b/a the R. Leonard Company, John Huff, Individually and as agent for Ernest Woodall, d/b/a Republic Continental Real Estate Company, and Ernest Woodall, d/b/a Continental Real Estate Company, Defendants-Respondents.**

No. 11199.

Missouri Court of Appeals, Southern District, En Banc.

May 23, 1979.

No appearance for plaintiff-appellant.

Gerald H. Lowther, Lowther, Johnson & Baird, Springfield, for defendants-respondents.

PER CURIAM:

■ Plaintiff sued defendants for what he alleged was his share of a previously paid real estate broker's commission. Defendants answered and counterclaimed for actual and punitive damages for "illegal, improper, and perverted use of the process." The jury returned verdicts in favor of defendants on plaintiff's petition and awarded defendants $1,000 actual damages on their counterclaim. Subsequent to the filing of plaintiff's post-trial motion and in consideration thereof, the trial court, in its "Minutes of Proceedings", wrote: "The court sustains plaintiff's motion, which is headed 'Motion for New Trial,' but is actually a motion for a new trial or in the alternative motion for directed verdict,[1] in that the court should have sustained the motion for directed verdict at the close of all the evidence as the counterclaim did not have evidence to support the court's Instruction No. 5. The jury verdict on the counterclaim is set aside. The verdict of the jury on plaintiff's petition in favor of defendants is affirmed by the trial court." Plaintiff appealed "from so much of said judgment which denied his claim for a share of a real estate broker's commission [but not] from the judgment in his favor [on defendants' counterclaim]."

■ The "Minutes of Proceedings," supra, may suffice as a minute or docket entry but falls far short of constituting a final judgment from which an appeal may be taken. *Gray v. Bryant,* 557 S.W.2d 489 (Mo.App.1977); *Riverside Chemical Co. v. Hawkins,* 555 S.W.2d 369, 370 (Mo.App. 1977); *Cochran v. DeShazo,* 538 S.W.2d 598, 601[6] (Mo.App.1976). "In Missouri, a final judgment forms the basis for appellate review. Section 512.020, V.A.M.S.; Rule 74.-01, V.A.M.R. The absence of a final judg-

---

1. The Rules of Civil Procedure, V.A.M.R., contain no authorization for an after-trial "motion for directed verdict." The only specifically authorized after-trial motions following a jury trial and verdict are a motion for a new trial, Rule 78.07, and a motion for judgment notwithstanding the verdict. Rule 72.01(b); *Milner v. Texas Discount Gas Co.,* 559 S.W.2d 547, 550[5] (Mo. App.1977). However, the trial court's error on nomenclature did not render its action on the motion a nullity. *Coffman v. Kansas City Stock Yards Co. of Maine,* 540 S.W.2d 175, 178[5] (Mo.App.1976).

ment deprives this court of appellate jurisdiction and would convert any purported review into a meaningless act. The appeal must be, and is, dismissed for lack of a judgment." *Whiteaker v. City of Salem,* 557 S.W.2d 489, 490 (Mo.App.1977).

It is so ordered.

All concur, except FLANIGAN, C. J., and MAUS, J., recuse.