Thomas E. DELANEY, et al., Appellants,

v.

George GIBSON, et al., Respondents.

No. 63238.

Supreme Court of Missouri,
En Banc.

Aug. 31, 1982.
Rehearing Denied Oct. 12, 1982.

Mark Belz, Clayton, for appellants.

Godfrey, Vandover & Burns, Inc., Denis C. Burns and James E. Godfrey, St. Louis, for respondents.

RENDLEN, Judge.

Plaintiffs, husband and wife, appeal the judgment in their personal injury action stemming from an automobile collision in the City of St. Louis. Judgment was entered for plaintiffs on the jury's verdict against two defendants, George Gibson and Allstate Insurance [Allstate]. Judgment was also entered against plaintiffs in favor of a third defendant, John Karpowicz, based upon a verdict, the challenge to which is the principal issue here. Plaintiffs appealed but only from the Karpowicz judgment to the Court of Appeals, Eastern District, where the entire judgment was reversed, and the cause remanded for trial anew. We ordered transfer and determine the case as though on original appeal. Art. V, § 10, Mo.Const.

Plaintiffs challenge the trial court's judgment as to Karpowicz on grounds that (1) there was no verdict to support the judgment, (2) the verdict forms improperly failed to name defendant Karpowicz, and (3) the names of defendants Gibson and Allstate were improperly included in the same verdict forms.

In March, 1976, plaintiff Thomas Delaney was driving east on Highway 40 in the City of St. Louis, when his car collided with a vehicle driven by defendant Gibson, which had just collided with an automobile driven by defendant Karpowicz. Thomas Delaney sued Gibson and Karpowicz for his injuries, and his wife, Carolynn, joined against both defendants for her loss of consortium and support. Delaneys named their uninsured motorist carrier, Allstate, as an additional defendant, alleging Gibson was uninsured at the time of the collision. Testimony was completed and the case submitted to the jury on February 5, 1980. At the close of deliberations February 6, the jury completed and signed two typewritten verdict forms finding in favor of plaintiffs Thomas and Carolynn Delaney against Gibson and Allstate.[1] The jury also drafted three

---

1. The completed, returned, typewritten forms read:

> We, the jury, find the issues in favor of plaintiff Thomas Delaney and against defendant George Gibson in the amount of $125,-000, and we find the issues in favor of plaintiff and against AllState Insurance Company.
> Signed by Jury Foreman

and

> We, the jury find the issues in favor of plaintiff Carolynn Delaney and against de-

handwritten statements. The first read, "*We find George Gibson negligence (sic)*" and was signed by nine jurors (emphasis in original). The second read, "Plaintiff Carolynn O. Delaney should receive $20,000.00," and was signed by ten jurors. The third was signed by 11 jurors and read, "We find John Karpowicz *was not* negligence (sic)" (emphasis in original).

When the jury returned to the courtroom, the court inquired whether it had reached a verdict. The foreman responded "yes", and the court asked her to hand the papers to the Sheriff. The clerk then read as the jury's verdicts only the two typewritten verdict forms finding against Gibson and Allstate. The jury was asked whether these verdicts were its verdicts, and the foreman replied in the affirmative. No mention was made of Karpowicz and no attorney called the court's attention to the failure to read a verdict regarding that defendant.

On February 20, 1980, judgment was entered in favor of plaintiff Thomas Delaney against Gibson for $125,000, in favor of plaintiff Carolynn Delaney against Gibson for $20,000, and in favor of plaintiffs Thomas and Carolynn Delaney against Allstate for $20,000. Judgment was entered in favor of Karpowicz against the Delaneys. As previously noted, it is only the judgment for Karpowicz that is appealed.

Appellants contend there is no verdict to support the trial court's judgment for defendant Karpowicz and therefore the judgment must be reversed. We do not agree and find there is a verdict on which the judgment is predicated and accordingly affirm.

A verdict is the definitive answer given by the jury to the court concerning matters of fact committed to the jury for their deliberation and determination. *State ex rel. Vogel v. Campbell*, 505 S.W.2d 54, 56 (Mo. banc 1974); *State v. Casey*, 338 S.W.2d 888, 891 (Mo.1960). Before judgment may be entered on a verdict, it must be determined the jury intended its decision to be final and determinative. In *State ex rel. Vogel v. Campbell*, 505 S.W.2d 54, 57 (Mo. banc 1974), it was stated, "[B]efore a jury decision is considered final and a verdict, it must be submitted to the court, accepted by it and assented to by the jury, and recorded by the court." *Id.* at 57. From this, appellants argue that unless a finding is assented to by the jury after acceptance by the court and is recorded by the court, it cannot as a matter of law constitute a verdict. This approach is overbroad and would, if mechanically applied, exalt form over substance. Whether a finding is made by the jury and is intended by the jury to be its final decision are matters of fact for determination by the trial court considering the totality of the circumstances.[2]

Our review of trial court findings in instances where such findings fall solely in the perview of the Court and are inde-

---

fendant George Gibson in the amount of $20,-000.00, and we find the issues in favor of plaintiff and against AllState Insurance Company.

Signed by Jury Foreman

2. In *State ex rel. Vogel v. Campbell*, 505 S.W.2d 54 (Mo. banc 1974), we prohibited the trial judge from entering judgment upon a mid-deliberation note requesting clarification of the instructions from the judge and the jury's answers to questions posed by the judge shortly before he declared a mistrial. In *Campbell*, we noted as a reason for decision that no indication was made by the court to the jury that its "decision" was final or accepted as a verdict. Failure to read the verdict back to the jury for its assent in open court, however, were only two of the circumstances that led us to conclude there was no verdict. The note in ques-

tion was one of a series of communications during the long hours of jury deliberation. Most persuasively, the communications from the jury indicated a tentative, but not final decision.

In *State ex rel. Ford Motor Company v. Godfrey*, 505 S.W.2d 59 (Mo. banc 1974) we denied a petition for mandamus to compel a trial court judge to enter judgment on a mid-deliberation unsigned note sent from the jury to the trial judge. We found insufficient facts to compel a finding that as a matter of law the jury intended its decision to be final. Our ruling today is completely consistent with *Campbell* and *Godfrey*: Whether a jury intends a determination to be final is a question of fact for determination by the trial court considering all the facts and circumstances.

pendent of questions within the jury's province, requires that such findings be sustained unless there is no substantial evidence to support them or they are against the weight of the evidence.[3] *See, Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976). On appeal, a trial court judgment is presumed valid, *In re Estate of Erwin,* 611 S.W.2d 564, 568 (Mo.App.1981); *Wingate v. Griffin,* 610 S.W.2d 417, 419 (Mo.App.1980), and the burden is appellants' to demonstrate incorrectness of the judgment. *Massman Construction Co. v. Kansas City,* 487 S.W.2d 470, 478 (Mo.1972). Not only have appellants failed to show a *want* of substantial evidence supporting the court's decision, but to the contrary, there *is* substantial evidence supporting the trial court's implicit finding that the statement "We find John Karpowicz was not negligence" was intended by the jury to be its final determination that defendant Karpowicz was not liable.

First, the issue of Karpowicz' liability was properly and specifically submitted to the jury for deliberation and determination. Instruction No. 4 directed a verdict for Thomas Delaney against Karpowicz if the jury found Karpowicz was negligent. Instruction No. 6 directed a verdict for Carolynn Delaney against Karpowicz if the jury found Karpowicz was negligent. Instruction No. 10 was a converse instruction directing a verdict for Karpowicz on the claims of both plaintiffs if the jury found Karpowicz was not negligent.

Second, the record establishes that the issue of Karpowicz' liability raised in the instructions was considered by the jury, for in mid-deliberation, the jury requested clarification of Instruction No. 4, which directed a verdict against Karpowicz if he was negligent.

Third, the challenged handwritten verdict form "We find John Karpowicz *was not* negligence" was stamped by the Circuit Court Clerk as filed on February 6, 1980, the same day the typewritten verdict forms finding against Gibson and Allstate were stamped as filed, and each form was individually inscribed by hand with the initials *HD.*

Fourth, the statement, "We find John Karpowicz *was not* negligence" is unambiguous and conclusive on the issue of Karpowicz' liability.

Finally, the facts of this case create a compelling inference that the jury, in its remarkably clear understanding of the case and of its responsibility to decide all issues embraced by the instructions, submitted a pellucid *handwritten* verdict for Karpowicz because no *typewritten* verdict form precisely suitable for recording the verdict in favor of Karpowicz was prepared or delivered to it by the court. At the close of the evidence, seven verdict forms were provided the jury: form (1) permitted a finding in favor of Thomas Delaney against Gibson and Allstate; form (2) permitted a finding in favor of Carolynn Delaney against Gibson and Allstate; form (3) permitted a finding in favor of Thomas Delaney against all defendants; form (4) permitted a finding in favor of Carolynn Delaney against all defendants; form (5) permitted a finding in favor of all defendants; form (6) permitted a finding in favor of Carolynn Delaney against one defendant only, with instructions to insert the name of the defendant the jury found against and the name of the defendant in whose favor the jury found; and form (7), which was the same as form (6) except that it permitted a finding in favor of Thomas, (vis a vis Carolynn) Delaney against one defendant only. None were suitable for recording a verdict

---

3. In a jury tried criminal case the court on occasion is required to make determinations of fact outside of the presence and without the assistance of the jury. An example of this occurs in connection with the motion to suppress concerning the voluntariness of a statement of the defendant. On hearing such evidence and determining whether voluntariness has been shown by a preponderance of the evidence, the court then rules the statement's admissibility. In our review of such rulings it has been held the trial court's action "is a matter of discretion not lightly to be disturbed." *State v. Flowers,* 592 S.W.2d 167, 170 (Mo. banc 1979); *State v. Baker,* 636 S.W.2d 902, 906 (Mo. banc 1982).

against the two defendants Gibson and Allstate and in favor of the third defendant, Karpowicz. The jury not only understood the issues and followed the instructions but performed the extra function of designing a proper verdict form expressing its decision. Further, we are influenced by the language similarity between *Instruction No. 10,* which directed a verdict in favor of Karpowicz if the jury found he was not negligent, and the jury's statement, "We find John Karpowicz *was not* negligence."

Though the burden is on appellants to show why the trial court judgment is incorrect, they have produced no evidence that the signatures on the handwritten statements were not signatures of jurors, or that the handwritten form was not the writing of the jury or that it was submitted to the court at any time other than with the returned typewritten verdict forms. The trial judge on the other hand, was present when the verdicts were returned, and was positioned to observe whether the statement in favor of Karpowicz was submitted at that time. During the period from February 6 to February 20, a number of motions were filed and, we learned from oral argument, a conference between court and counsel occurred. There can be little question that during this period the Court became aware and was fully satisfied that the jury had indeed returned a verdict for Karpowicz. While a reading of the statement to the jury, assent by the jury in open court, and an unambiguous recital of the statement in the record [4] would buttress the trial court's implicit finding that the signed, handwritten statement was a verdict, there is sufficient independent evidence of finality in this case to support such a conclusion.

■ Appellants raise two other challenges to the verdict forms that we find without merit. Verdict forms (1) and (2) permitted findings for plaintiffs Thomas and Carolynn Delaney, respectively, against named defendants Gibson and Allstate; verdict forms (3) and (4) permitted findings to plaintiffs Thomas and Carolynn Delaney, respectively, against "all the defendants;" verdict form (5) permitted a finding in favor of "all defendants" verdict forms (6) and (7) permitted findings for plaintiffs Thomas and Carolynn Delaney, respectively, against one "defendant" and in favor of another "defendant." Plaintiffs assert that naming only defendants Gibson and Allstate in the verdict forms caused the jury to believe they were the only defendants, and that Karpowicz could not be held liable. This contention is without merit, because the requirement that the jury insert the name of a defendant in Instructions (6) and (7) comported with the MAI verdict forms in effect at the time of trial. *See,* MAI 36.01 and 36.05 (1969). Failure to name defendant Karpowicz in the challenged but unused and inapplicable forms was not error. The jury demonstrated its grasp of the law and the facts by its preparation of a suitable "verdict form" and did not select for adoption or tailoring the forms which appellants now criticize.

■ Finally, appellants argue that reference to Gibson and Allstate in the same verdict forms confused the jury and aroused sympathy for Karpowicz by implying Gibson was insured while Karpowicz was not. This allegation of error was not preserved, as no objection to the forms was made during trial, and most critically, the issue was not specifically raised in plain-

---

4. There is no reference to a verdict for Karpowicz in the trial transcript. The judge's docket sheet for February 6, 1980, however, contains a specific notation of the verdicts against Gibson and Allstate and the entry, "Verdicts of the jury received and entered." A memorandum from the trial judge to the circuit clerk on the same day notes, "Verdicts of the jury received and entered."

On April 18, 1980, defendant Karpowicz moved for entry of an order nunc pro tunc to record the jury's verdict for Karpowicz on the judge's docket sheet for February 6. Although the court had entered judgment on the verdict, the motion was overruled. The trial court may have determined that the docket entry, "Verdicts of the jury received and entered," albeit ambiguous as to the finding in favor of Karpowicz, was broad enough to encompass such a verdict.

tiff's motion for a new trial.[5] In any event, we do not agree that confusion and improper appeal to the jury's sympathy can be said to have resulted from the verdict forms employed herein.

The judgment of the trial court is affirmed.

DONNELLY, C. J., and SEILER, MORGAN, HIGGINS and BARDGETT, JJ., concur.

WELLIVER, J., concurs in result.

**5.** In their motion for a new trial, plaintiffs averred *generally* that "The Court erred by failing to provide the jury with the necessary, sufficient and proper forms of verdict in this cause." By Supreme Court Rules 70.03 and 78.07, an objection to instructions is not preserved for review unless *specifically* made at trial or in the motion for new trial and if *specifically* made during trial "shall not preclude making additional objections to the same or other instructions in the motion for new trial."