**Alberta GARLAND, Plaintiff-Appellant,**

**v.**

**NATIONAL SUPER MARKETS, INC., Defendant-Respondent.**

**Nos. 48995, 49179.**

Missouri Court of Appeals, Eastern District, Division One.

Aug. 20, 1985.

Mark I. Bronson, Joseph Bauer, St. Louis, for plaintiff-appellant.

Ann Hamilton, St. Louis, for defendant-respondent.

PUDLOWSKI, Presiding Judge.

Plaintiff appeals from the entry of judgment in her favor in the sum of $1,500. We affirm.

Plaintiff was injured when she slipped and fell while shopping at defendant's grocery store. The facts are not material to the sole issue involved in this appeal.

The case was tried and submitted to the jury under comparative fault instructions and verdict forms. MAI 22.03, MAI 32.-01(1), MAI 35.13. After deliberation, the jury returned to the courtroom with a verdict form signed by all twelve jurors finding in favor of plaintiff in the sum of $10,000 and assessing percentages of fault at 15% for plaintiff and 85% for defendant. The trial judge immediately ordered the jury to be polled. During this procedure, the following dialogue occurred:

THE CLERK: Thank you. Juror 434, Randall White, is the verdict I have just read your verdict?

JUROR WHITE: I just want to be clear on what we did here, okay? Now, what we wanted to do—

THE COURT: Just a moment.

JUROR WHITE: I want to be sure the paper is right in what we filled out.

THE COURT: What you wanted to do, I cannot—

JUROR WHITE: Can we at least be clear on what's—

THE COURT: Pardon?

JUROR WHITE: Can we at least be clear on how much she's getting and how much she's not?

THE COURT: We'll talk about that. Answer this question and then we'll go into that.

JUROR WHITE: Okay. Fine then.

THE COURT: Sir, did you sign the verdict form?

JUROR WHITE: Yes, I did. I want to be sure.

THE COURT: Now, that's 434, is that right?

JUROR WHITE: Um-hum.

THE COURT: Mr. White, thank you.

THE CLERK: Juror 15, Charles Bass, is the verdict I have just read your verdict?

JUROR CHARLES BASS: Yes, it is, but I have a question too, you know, I wanted—

THE COURT: Just a moment. Just answer the question, did you sign it?

JUROR CHARLES BASS: Yes, sir.

THE COURT: And it is your verdict

JUROR CHARLES BASS: Yes, sir.

THE COURT: Thank you,

THE CLERK: Thank you.

JUROR MILEY: We'd like to have something else to say afterwards?

THE COURT: Just a moment, okay.

After all of the jurors had been polled and before addressing the questions raised by these three jurors, the trial judge stated:

THE COURT: Ladies and gentlemen of the jury, your verdict will be received and recorded. The record will show that the jury has been polled and each of the jurors has acknowledged that it's her verdict or his verdict. Now, I can talk to you thereafter about what this means. This means that what the jury has by its verdict, has found that the total amount of injuries, total damages that she has sustained for personal injuries is ten thousand dollars, and that the percentages of fault as follows, is the plaintiff, fifteen percent; and the National Super Markets, eighty-five percent. So the Court then will have to enter a judgment in favor of plaintiff in the amount of ten thousand, less fifteen percent, is what it means.

In oral argument before this court, plaintiff's attorney admitted that upon this statement by the trial judge, the jurors all spoke up at once. "It was chaotic" was his candid description of the conduct of the jurors. The court reporter was able to transcribe the following:

JUROR SMITH: That's not it.

JUROR WHITE: Should be just the other way around.

JUROR PATJE: We were confused on the wording. What we meant—

THE COURT: Now, just a moment. Step up.

With no further statement to the jury the court immediately ordered a bench conference with counsel. Thereafter, over the

objection of plaintiff's attorney, the court ordered a re-polling of the jury, specifically requesting the jurors to answer whether or not they agreed to all three components of the verdict form they had signed. Nine of the twelve responded negatively. The court then sent the jurors to the jury room and had a new verdict form prepared and delivered to them. The jurors then returned the verdict form having filled out the blanks by finding in favor of plaintiff for $10,000.00 and assessing percentages of fault at 85% for plaintiff and 15% for defendant. This form was signed by nine jurors and upon a third polling of the jury, nine confirmed that this was their verdict. The trial court then entered judgment in favor of plaintiff for $1,500.

Plaintiff filed a post-trial motion entitled "motion for judgment entered pursuant to jury verdict," asking the court to enter judgment in the amount of $8,500. This motion was denied and plaintiff appeals.

Defendant challenges the sufficiency of plaintiff's post-trial motion, contending that it preserves nothing for appellate review. It is true that motions for new trial and for judgment notwithstanding the verdict are only authorized after trial motions under Missouri rules of civil procedure. Rule 78.-07 and Rule 72.01(b); *Hopkins v. North America Company, etc.*, 594 S.W.2d 310, 317 (Mo.App.1980); *Elmore v. Whorton*, 581 S.W.2d 950, 951 n. 1 (Mo.App.1979); *Milner v. Texas Discount Gas Company*, 559 S.W.2d 547, 550 (Mo.App.1977). If, however, as argued by plaintiff, the trial court had no alternative but to enter judgment in accordance with the first verdict form returned by the jury, the court's failure to do so and the entry of judgment based upon the second verdict form would be plain error requiring our consideration under Rule 84.13(b). Accordingly, we decline to rule this matter on purely procedural grounds and look to the merits of plaintiff's appeal.

The sole point asserted by plaintiff is that the court erred in failing to enter judgment based upon the original verdict form because the setting aside of this verdict was erroneously based upon impeachment of a verdict by the jurors. We disagree.

The fallacy of plaintiff's argument is that there was no verdict to impeach.

A verdict has been described as the '... definitive answer given by the jury to the court concerning the matters of fact committed to the jury for their deliberation and determination.' *State v. Casey*, 338 S.W.2d 888, 891 (Mo.1960). Webster's Third New International Dictionary defines 'definitive' to mean '... serving to supply a final answer....' A verdict is the *final* decision of a jury. Because the verdict must represent the final decision of the jury, the court and jury must establish that the jury intends that its decision be final. Therefore, before a jury decision is considered final and a 'verdict', it must be submitted to the court, accepted by it and assented to by the jury, and recorded by the court. *Lummi Bay Packing Co. v. Kryder*, 263 S.W. 543, 545 (Mo.App.1924). This procedure affords the jury ample opportunity to correct any misunderstanding, realize the finality of its decision and finally assent to a verdict.

*State ex rel. Vogel v. Campbell*, 505 S.W.2d 54, 56–57 (Mo. banc 1974).

Here the first "verdict" was not assented to by the jury and was never recorded by the court. That the paper signed by the jury does not become a verdict until these steps have been accomplished is emphasized by the Supreme Court in *Vogel* and in a companion case, *State ex rel. Ford Motor Company v. Godfrey*, 505 S.W.2d 59, 61 (Mo. banc 1974).

Here, plaintiff points to the words of the trial judge after the first polling of the jury, "Your verdict will be received and recorded," and argues, in effect, that these words dropped the curtain on the proceedings rendering all that occurred thereafter a nullity. Such an argument is based upon superficial appearances ignoring the absence of substantive reality underlying the surface. During the polling of the jury, the trial judge completely foreclosed the

expressions of three jurors indicating doubts, questions and reservations about the form of the verdict. He demanded a "yes or no" answer, but promised "we'll talk about that. Answer this question and then we'll go into that." Thus, the experienced and conscientious trial judge committed himself to proceeding in two steps—first, the obtaining of a "yes or no" answer regarding signatures on the verdict form, and second, exploration of the questions raised by some jurors. We are inclined to accept defendant's suggestion that his words amounted to no more than a perfunctory expression habitually used over the course of many years in order to signal the termination of the polling procedure. This conclusion finds support in the judge's statement to counsel that "It's clearly not the verdict of all twelve" and his insistence upon repolling the jury with emphasis upon all three components of the verdict form.

Of more importance than such rumination regarding the subjective intention of the trial judge is the actual language he used—"Your verdict *will be* received and recorded." This is merely an explanation to the jury of the procedure to be undertaken in the future. It does not constitute an order of court and does not preclude the exploration of the juror's expressed questions as promised. The statement is not tantamount to a discharge of the jury nor to a final termination of the proceedings. Moreover; only one verdict was in fact recorded by entry into the court file and on the clerk's docket sheet. In *Lummi Bay Packing Co. v. Kryder*, 263 S.W. 543 (Mo. App.1924), a case relied upon extensively by the Supreme Court in *Vogel*, it is stated:

> In the first place, the fallacy is in assuming that the first paper brought in was a verdict. In one sense it may have been, if we mean that it was, at that moment, the answer and finding of the jury; but it did not become a verdict on which a judgment could be rendered, for it was never received and recorded.

*Id.* at 545.

Plaintiff's reliance upon *Elmore v. Owens-Illinois, Inc.*, 673 S.W.2d 434 (Mo. banc 1984) is misplaced. There, the trial court reduced the amount of a verdict based upon affidavits of jurors obtained after discharge of the jury, after recording of their verdict and after entry of judgment. More apropos to the case under consideration is the language found in *Burch v. King*, 549 S.W.2d 919, 925 (Mo.App.1977).

> But it is the duty of the court to look after the form and substance of a verdict so as to prevent a doubtful or insufficient finding. 76 Am.Jr.2d Trial § 1208. Here, the verdict was insufficient in that it did not dispose of all issues. But, 'the court has the power to put a manifestly irregular or defective verdict in such form as to make it conform to the intention of the jury, and carry their findings into effect, where the intention can be ascertained with certainty, from statements of the jurors themselves, * * or any other clear and satisfactory evidence appearing in the record or the minutes of the trial; * * *." 89 C.J.S. Trial 515.

*Id.* at 925.

Similarly, in *Glaves v. Old Gem Catering Company*, 18 S.W.2d 564 (Mo.App. 1929) the court approved and complimented the action of a trial judge who was tendered inconsistent verdicts by a jury. "[I]t nevertheless speaks well for the credit of the judge that, acting simultaneously with the occurrence as he did, and in the presence of counsel for both parties, he took prompt steps to ascertain from the jury what was the true verdict, so that the same might be duly received and recorded and judgment rendered thereon." *Id.* at 567.

Accordingly, we hold the first paper signed by the jury did not constitute the verdict and we reject plaintiff's contention that the court erred in permitting the jurors to impeach their verdict.

Plaintiff has consistently taken the position that the trial court had no alternative but to enter judgment in accordance with the first "verdict" returned by the jury. She did not request a mistrial nor file a motion for new trial in the circuit court. In this court, plaintiff seeks only an order remanding the case with directions to enter

judgment in the sum of $8,500. Therefore, we do not decide the propriety of granting or denying a mistrial or a new trial had relief in either such form been requested.[1]

The judgment in favor of plaintiff in the amount of $1,500 as entered by the trial court is affirmed.

CARL R. GAERTNER and KAROHL, JJ., concur.

---

1. For the guidance of trial judges, plagued by inconsistent and incomplete verdict forms in this age of increasingly complex litigation involving comparative fault, apportionment of relative fault, counterclaims and cross-claims, we commend the decision in *Kasper v. Helfrich*, 421 S.W.2d 66, 72–73 (Mo.App.1967):

    The trial judge who tries to help a jury follow the court's instructions and bring in a proper verdict is indeed treading on thin ice. But where jurors are uncertain about the form of their verdict—rather than about their decision on the merits—it is proper for the court to instruct them on how to return a proper verdict. *Sullivan v. Union Electric Light & Power Co.*, 331 Mo. 1065, 56 S.W.2d 97 [12, 13]; *Martin v. Lingle Refrigeration Co.*, Mo., 260 S.W.2d 562[8]; *Riehle v. Broadway Motors, Inc.*, Mo.App., 350 S.W.2d 89 [1, 5].

    Reviewing the trial court's action here, we find that the written answer concerned only the form of the verdict; it was not coercive and it was not confusing. Hence, there was neither error nor prejudice. Defendant's point is denied.