Carolyn FRANKLIN,
Plaintiff/Appellant,

v.

SOUTHWESTERN BELL TELE-
PHONE COMPANY, and Gary
Buss, Defendants/Respondents.

No. ED 86791.

Missouri Court of Appeals,
Eastern District,
Division Three.

July 11, 2006.

Tanya J. Wightman, Alif A. Williams, Alif A. Williams & Associates, St. Louis, MO, for appellant.

Suzanne L. Montgomery, St. Louis, MO, for respondent.

KATHIANNE KNAUP CRANE, Presiding Judge.

Plaintiff appeals from the judgment of the trial court entered on a jury verdict. The trial court originally had declared a mistrial after it accepted the verdict and discharged the jury, but subsequently entered an order concluding that it had no power to order a mistrial after the trial had concluded, and it entered judgment in accord with the jury verdict. We affirm because the trial court had no jurisdiction to declare a mistrial after it had discharged the jury and the trial was complete. Accordingly, it did not err in reconsidering its declaration of a mistrial and entering judgment on the verdict.

Plaintiff, Carolyn Franklin, filed an action against defendants Southwestern Bell Telephone Company and its employee, Gary Buss, to recover damages for personal injuries she suffered in a vehicular collision and her resulting lost wages. The case was tried to a jury. On the second day of deliberations, the jury returned a verdict that assessed fifty percent fault to plaintiff and fifty percent fault to defendants, and found damages in the amount of $10,000. Nine of the twelve jurors signed the verdict.

The trial court reviewed the verdict, declared that it "appears to be in order," and asked the clerk to read it. On plaintiff's counsel's request, the jury was polled, and nine jurors affirmed that the verdict was his or her verdict. The trial court announced that it accepted the verdict and thanked the jury for its efforts. After making a few more comments, the trial court told the jury that it could go, and again thanked the jury. The transcript reports that at this time the record was concluded. It further reports that there followed an off-the-record discussion with the attorneys and the jury foreperson present. A record was then made in which the jury foreperson explained that she had felt pressured to sign the verdict. Plaintiff moved for a mistrial, and, over the defendant's objection, the trial court declared a mistrial.

Defendant subsequently filed a motion to reconsider the order declaring a mistrial

and for entry of judgment in accord with the jury's verdict. The trial court entered an order granting this motion on the grounds that it did not have jurisdiction to grant a mistrial after the jury had been discharged. The court specifically found:

> Here it is clear from the record that the trial had concluded. The jury had rendered its verdict, had been polled, its verdict had been accepted and the jury had been discharged. The record had been concluded. There can be no contention that the verdict that was accepted by the Court was not the verdict of the jury. The Order granting a mistrial was therefore void.

The trial court entered judgment in accord with the verdict.

■ For its sole point on appeal, plaintiff asserts that the trial court erred in reconsidering its declaration of a mistrial and entering judgment in accord with the verdict, because the jury had not been "*de facto* discharged" and the judgment had not been entered and "recorded." We disagree.

■ The trial court had no power to declare a mistrial after the trial had concluded. A mistrial is a trial that " 'has been terminated *prior to* its normal conclusion.... "Mistrial" is equivalent to no trial ... while "new trial" recognizes a completed trial which for sufficient reasons has been set aside so that the issues may be tried de novo.' " *Duckett v. Troester*, 996 S.W.2d 641, 645–46 (Mo.App.1999) quoting BLACK'S LAW DICTIONARY 1002 (6th ed.1990). A court may declare a mistrial

before the jury returns a verdict; but after a verdict has been returned, the trial is complete. *Id.* at 646. Once a trial is concluded, a trial court can no longer grant a motion for mistrial. *Id.* Its only option to correct an alleged error is to order a new trial. *Id.* A trial court order declaring a mistrial after the conclusion of the trial is a nullity. *Id.* A request for a mistrial made after the jury returns its verdict is untimely. *Van Volkenburgh v. McBride*, 2 S.W.3d 814, 820 (Mo.App.1999).

Plaintiff argues that the trial court had jurisdiction to declare a mistrial because the trial had not concluded in that the jury had not been "*de facto* discharged," and the "judgment" had not been entered and "recorded," citing *Keyes v. Chicago, B. & Q.R. Co.*, 326 Mo. 236, 31 S.W.2d 50, 54 (1930); *Vancil v. Carpenter*, 935 S.W.2d 42, 46–47 (Mo.App.1996); and *Garland v. National Super Markets, Inc.*, 696 S.W.2d 342, 344 (Mo.App.1985).[1] In each of these cases, the trial court discovered a defect in the verdict immediately after telling the jury it was discharged but before the jurors left the courtroom, and the trial court ordered the jury to return a new verdict. The opinions in these cases held that when the court discovers a defect in the verdict while the jury is still in the court's *de facto* control, a trial court has the inherent power to set aside its pronouncement discharging the jury and order the jury to reassemble and render a proper verdict.

In *Keyes*, the jury had placed two inconsistent verdicts in the envelope given to the judge. The judge opened the envelope and removed a verdict in defendant's fa-

---

1. As an initial matter, we observe that plaintiff's point and argument are based on inaccurately stated principles from the cases on which she relies. Although plaintiff uses the word "judgment" in her point relied on and argument, the cases plaintiff cites refer to recording the "verdict," not the judgment. *See Keyes*, 31 S.W.2d at 54; *Vancil*, 935

S.W.2d at 46–47; *Garland*, 696 S.W.2d at 344. Likewise, although plaintiff uses the term "*de facto* discharge" in her point, these cases speak of jurors in the court's "*de facto* control," and do not address a "*de facto* discharge." We will address the applicability of these cases as they are in fact written.

vor. Nine of the jurors answered that it was his verdict. Then, the jurors "were dismissed, but were required by the Court to remain in the courtroom." Instantly thereafter, the judge found the second verdict in the envelope. This verdict was in plaintiff's favor and was signed by the same nine jurors. The court then refused to receive either of the verdicts and instructed the jurors to retire to the jury room and return a verdict. On appeal, the defendant argued that the trial court erred in not entering judgment on the first verdict. The issue was whether the jurors still had power to deliberate and return a new verdict. The Missouri Supreme Court began its analysis with the principle that:

> [A]fter the verdict of a jury in a cause is actually received by the trial court, and is actually recorded, and the jury are formally and finally discharged by the court, the jurors, as such, are functi officio in the cause, and are without power or authority to materially and substantially alter or amend their recorded verdict.

31 S.W.2d at 54. After reviewing numerous authorities, the court held that, even if the trial court's action dismissing the jury but ordering them to remain in the courtroom constituted a formal discharge, the court, upon discovering its mistake while the jurors were still assembled, could set aside the discharge and order the jurors to return to the jury room in order to return a proper verdict. *Id.* at 60.

In *Vancil,* the trial court found a defect in the verdict director within seconds after the jury was discharged. It immediately recalled and reassembled the jury, and, with consent of both counsel, asked the jury to continue their deliberations with the correct verdict director. On appeal, one of the parties questioned the trial court's power to recall a discharged jury.

The appellate court, applying *Keyes,* held that the jury was not discharged as a matter of law because the mistake was discovered before the jurors left the *de facto* control of the court and because trial courts have the inherent duty to require the jury to correct inconsistent or defective verdicts before they are finally recorded and made part of the judgment. 935 S.W.2d at 47–48. It further held that the court could set aside its comments discharging the jury in these circumstances and direct them to return a verdict. *Id.* at 48.

In *Garland,* several jurors attempted to have the verdict clarified as they were being polled, but the trial court told them that it would address their concerns after finished the polling. However, after polling the jury, the court announced that the verdict would be received and recorded and then explained the verdict and judgment. At that point all of the jurors spoke up and said that the verdict was the opposite of what they had intended. The court repolled the jury and nine jurors disagreed with the verdict, whereupon the court ordered the jurors to return to the jury room with a new verdict form. On appeal, the plaintiff argued the trial court erred in not entering judgment on the original verdict because the court had announced that the verdict would be received and recorded. This court held that this announcement did not have the effect of discharging the jury or concluding the trial because the trial court had not yet addressed the jurors' questions and reservations about the form of the verdict. 696 S.W.2d at 344–45.

In these cases, the courts recognized the inherent power of a trial court to revoke, set aside, or disregard its words discharging the jury or recording the verdict while the jury was still within its control in order to salvage an improper verdict and avoid a retrial. These cases do

not stand for the proposition that a jury finding is not a verdict or final unless it is "recorded" by the court. The Missouri Supreme Court has specifically held that the oft-quoted hornbook language to the effect that a jury verdict must be "accepted," "assented to," and "recorded" does not create a fixed procedure essential to the finality of a verdict. *Delaney v. Gibson*, 639 S.W.2d 601, 603 (Mo. banc 1982). It explained: "This approach is overbroad and would, if mechanically applied, exalt form over substance." *Id.* The court defined "verdict" as "the definitive answer given by the jury to the court concerning matters of fact committed to the jury for their deliberation and determination." *Id.* In place of a rigid formula, it held that before a judgment may be entered on a verdict, the trial court must determine that "the jury intended its decision to be final and determinative." *Id.* It concluded: "Whether a finding is made by the jury and is intended by the jury to be its final decision are matters of fact for determination by the trial court considering the totality of the circumstances." *Id.* (footnote omitted). Therefore, it was not necessary for the trial court to have "recorded" the verdict in order for the verdict to be final.

The cases on which plaintiff relies allow a trial court to disregard form and honor substance in order *to avoid* a retrial because of a defective verdict while the jury is still in the *de facto* control of the court. They are not authority for a court to disregard substance and declare a mistrial after it has accepted a non-defective verdict and discharged the jury.

In this case, the trial court accepted the verdict and discharged the jury, and it made a specific finding that it had done so. After it had discharged the jury, the trial was complete, and it could not declare a mistrial. *Duckett*, 996 S.W.2d at 646. The trial court did not err in reconsidering its declaration of a mistrial and entering judgment on the verdict. Point one is denied.

The judgment of the trial court is affirmed.

LAWRENCE E. MOONEY, J. and BOOKER T. SHAW, J., concur.