Ellen SMITH, Appellant,

v.

INTERNATIONAL CATERING NORTH, INC., d/b/a The Ambassador, Respondent.

No. ED 88897.

Missouri Court of Appeals,
Eastern District,
Division Three.

June 26, 2007.

Application for Transfer Denied
Sept. 25, 2007.

Robert Pedroli, St. Louis, MO, for appellant.

James L. Craney, Thomas Ward, St. Louis, MO, for respondent.

## OPINION

KENNETH M. ROMINES, Judge.

Ellen Smith (Smith) brought a personal injury claim against International Catering North, Inc. (International), after she slipped and fell on International's premises.[1] The case was tried to a jury, and submitted on comparative fault. The jury returned a verdict, signed by nine jurors, which apportioned 75% liability to Smith and 25% to International, and awarded $90,000 damages. Smith's attorney requested a poll of the jury. The Court

---

1. Smith also brought a claim against International's president, which she did not submit to the jury.

asked each juror: "... is the verdict I have just read your verdict in this cause?" Eight jurors replied "Yes," and four jurors replied "No." One of the jurors who replied "No" was also the jury foreman, who had signed the verdict. When the Court questioned the foreman at sidebar, he stated: "... I changed my mind. I want to request more material and review some more material before I go with that verdict, sir."

The foreman was sent back to the jury room. Correctly—and with candor—both counsel agreed with the Court that the jury had to return and reconsider their verdict:

> The Court: So, I think we should have the jury go back to deliberate.
>
> [Counsel for Smith]: I don't think we have any choice.
>
> [Counsel for International]: No.
>
> The Court: You're in agreement, [counsel for Smith]?
>
> [Counsel for Smith]: I'm in agreement that they didn't match and he says it's not his verdict; so, I don't know what else to say.
>
> The Court: All right. And, [counsel for International]?
>
> [Counsel for International]: I don't see any other choice, Your Honor.

The Court then instructed the jury to return to the jury room and continue deliberating. Approximately thirty minutes later, the jury returned a second verdict—signed by ten jurors—with the same apportionment of fault, but only $20,000 damages.

The jury was polled, and two jurors indicated that the verdict was not their verdict. At this time, Smith moved to vacate the second verdict, on the ground that it is inappropriate for a juror to change his or her mind after a verdict has been published. The Court denied the motion, and entered judgment on the second verdict. Smith filed a Motion to Reinstate First Verdict, to Amend Judgment, and for New Trial, all of which were denied.

■ On appeal, Smith argues that the Court erred when it allowed the jury to deliberate after it rendered a verdict. Smith claims further deliberations are only permissible when 1) the original verdict is defective; or 2) polling reveals a "mistake in the integration of the jury's intent in completing the verdict form."

■ We presume the judgment below is valid. *Delaney v. Gibson*, 639 S.W.2d 601, 603–04 (Mo. banc 1982). Because the adequacy of a jury verdict is solely within the trial court's purview, we will sustain the trial court's decision unless there is no evidence to support it or it is against the weight of the evidence. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). Whether a finding is intended by the jury to be its final decision is a matter of fact for the trial court. *Delaney* at 603.

Agreement to action of the Court in this instance was not error. Smith waived appellate review of this issue when she agreed to send the jury to the jury room to continue deliberations. See *Hilton v. Crouch*, 627 S.W.2d 99, 102 (Mo.App. S.D. 1982) ("a party cannot complain on appeal of procedure which was adopted in the trial court at his own request, nor may he complain of alleged error in which, by his own conduct at trial, he joined or acquiesced") (internal citations omitted). Smith is not entitled to appellate review on this claim.

■ However, even if Smith had not waived this claim, and we had jurisdiction to consider it, Smith would not be entitled to relief. A verdict is a jury's *final* decision, and is not considered final unless and until it is submitted to the court, accepted by the court, assented to by the jury, and

recorded by the court. *Garland v. National Super Markets, Inc.,* 696 S.W.2d 342, 344 (Mo.App. E.D.1985). Because Judge Heagney never accepted the jury's first verdict or recorded it, the first verdict was not final. The Court did not commit error when it asked the jury to continue deliberating, in order to obtain a final decision.

The Judgment is affirmed.

GLENN A. NORTON, P.J., and LAWRENCE E. MOONEY, J., concur.

STATE of Missouri, Respondent,