Mark J. **HARRELL, M.D., Heather Isom, M.D., and Michael K. Shafe, M.D., Plaintiffs–Appellants/ Cross–Respondents,**

v.

**MERCY HEALTH SERVICES CORPORATION, Defendant–Respondent/ Cross–Appellant.**

Nos. 27401, 27403.

Missouri Court of Appeals, Southern District, Division Two.

July 10, 2007.

James R. Spradling, Spradling Law Firm, L.L.C., Carthage, for Appellant.

James Bandy and Timothy M. Aylward, Horn Aylward & Bandy, L.L.C., Kansas City, for Respondent.

PHILLIP R. GARRISON, Judge.

Dr. Mark J. Harrell ("Dr. Harrell"), Dr. Heather Isom ("Dr. Isom"), and Dr. Michael K. Shafe ("Dr. Shafe")(collectively referred to as "Plaintiffs") brought suit against Mercy Health Services Corporation ("Defendant")[1] for breach of employment contracts. Following a jury trial, a verdict was entered in favor of Plaintiffs but awarding zero damages. On appeal, Plaintiffs allege that the trial court erred in overruling their motion for mistrial. Defendant files a cross-appeal, alleging that the trial court erred in overruling its motion for judgment notwithstanding the verdict. We reverse.

### FACTS

In the light most favorable to the jury's verdict, the record reveals the following. On May 30, 1998, Dr. Harrell entered into a three-year employment contract with Defendant to provide medical services to patients of St. John's in their Emergency Department. The contract covered the period of August 15, 1998, to August 15, 2001. The contract contained an incentive compensation clause which read as follows:

(b) *Incentive Compensation.* [Defendant] shall implement an incentive compensation arrangement for Emergency Department physician employees of the Emergency Department based upon productivity ("Incentive Compensation"). Such Incentive Compensation arrangement shall apply retroactively to the Effective Date, and [Defendant] will provide Physician with a written statement of a compensation arrangement incorporating the Incentive Compensation. Maximum Compensation, as discussed below, may be adjusted as a result of incorporating the Incentive Compensation arrangement.

When Dr. Harrell entered into the contract, he was informed that the incentive compensation plan was under discussions and negotiations for all Emergency Department physicians, but that it had not yet been implemented. It was Dr. Harrell's understanding that, in the event the incentive compensation plan was agreed upon, the plan would be reduced to writing, signed by both parties, and made an addendum to his contract. Dr. Harrell did not stay for the entire length of his three-year contract, tendering his letter of resignation to St. John's in the spring of 2001. Although there were on-going meetings and discussions, an incentive compensation plan was never implemented during the course of Dr. Harrell's employment.

Dr. Isom and Dr. Shafe, husband and wife, each entered into employment contracts identical to Dr. Harrell's contract. Their contracts covered the two-year period of January 11, 1999, to January 10, 2001. When Dr. Isom and Dr. Shafe signed their employment contracts, they were both aware that the incentive compensation plan was still under discussion and had not yet been implemented. They also understood that before an incentive compensation plan could be implemented, an agreement would have to be reached on how to calculate the incentive compensation, and the terms would have to be reduced to writing and signed by the parties. Dr. Isom and Dr. Shafe both tendered letters of resignation prior to the expiration of their employment contract, but stayed at St. John's until May of 2001,

---

1. Defendant is a wholly-owned subsidiary of St. John's Regional Medical Center in Joplin, Missouri ("St. John's").

working without a contract. When they left St. John's, no written compensation plan had been implemented.

On June 11, 2001, Plaintiffs filed a petition against Defendant for breach of contract, seeking damages in the amount of $608,000. Plaintiffs alleged in their petition that Defendant "failed and refused to perform their obligations under Section 3(b) of [the employment contracts]" which "provided for incentive compensation from Defendant[ ] to Plaintiffs."

A trial was held on September 12–13, 2005, after which the jury returned a verdict in favor of Plaintiffs, but awarding zero damages. After the jury had returned its verdict, the following exchange took place between the trial court and the attorneys:

THE COURT: Somewhere in my memory it seems to me that that's an inconsistent verdict.

[Plaintiffs' Attorney]: It is.

[Defendant's Attorney]: I don't believe it is, Your Honor, based on the evidence.

THE COURT: Well, I think there's a case out there that says in a breach of contract case, you can't find for somebody and give them zero because the way the instructions are read, you should either find for the other party because they didn't prove up damages on the claim—I don't know.

And maybe I'm completely off base, I don't know. And even if it is, I don't know what to do.

[Plaintiffs' Attorney]: Your honor, I'd ask for a mistrial.

THE COURT: Well, I'm not going to do that at this point. That may be the end result of it because I want to look at the law.

But I'm going to discharge the jury at this point and then we'll figure out what

the law is on it; okay? I'll make a record that you have.

The trial court discharged the jury and took Plaintiffs' motion for mistrial under advisement. On October 12, 2005, Defendant filed a motion for judgment notwithstanding the verdict. On November 2, 2005, in accordance with the jury verdict, the trial court entered judgment in favor of Plaintiffs awarding zero damages, and assessing court costs against Defendant. Plaintiffs later filed a motion for new trial, and Defendant filed a supplemental motion for judgment notwithstanding the verdict. On December 6, 2005, the trial court overruled "all pending post-trial motions." Plaintiffs and Defendant now appeal.

### PLAINTIFFS' APPEAL

Plaintiffs' sole point on appeal reads as follows:

The trial court erred in not ruling on Plaintiffs' motion for mistrial prior to discharging the jury because it caused the jury to render an inconsistent verdict of finding for Plaintiffs and awarding each of them a verdict in the amount of –0–damages for the reason that the trial court did not allow the jury to correct the verdicts before they were accepted as the judgment of the court.

 "[T]he general rule is that an objection to inconsistency in verdicts must be made before the jury is discharged. If such an objection is not made at this time the error is deemed waived." *City of Independence for Use of Briggs v. Kerr Constr. Paving Co., Inc.*, 957 S.W.2d 315, 319–20 (Mo.App. W.D.1997) (internal citations omitted). This rule was originally announced in *Douglass v. Safire*, 712 S.W.2d 373, 374 (Mo. banc 1986):

[A] claim that a verdict is inconsistent to the point of being self-destructive must be presented to the trial court before the jury is discharged. Other-

wise the claim of inconsistency will be held to have been waived. The reason is that, if the point is raised as soon as the verdict is returned, any error is capable of correction by ordering the jury to return for further deliberation. Our holding is in accord with the usual rule that the trial court must be given the opportunity to correct error while correction is still possible.

Here, Plaintiffs asked for a mistrial before the jury was discharged, but did not request the trial court to order the jury to return for further deliberation. On appeal, Plaintiffs argue that "Plaintiffs' attorney asked for a mistrial prior to the jury being dismissed and in time for the Court to order the jury to continue its deliberation. The jury being discharged without being ordered to continue to deliberate then was unable to correct its verdict and the inconsistent verdicts were left standing." We are not persuaded by this argument. In essence, Plaintiffs are asserting that the trial court erred in not ordering the jury to return for further deliberation, even though that is not the relief that Plaintiffs' requested.

> A mistrial is a trial that has been terminated prior to its normal conclusion.... Mistrial is equivalent to no trial.... A court may declare a mistrial before the jury returns a verdict; but after a verdict has been returned, the trial is complete. Once a trial is concluded, a trial court can no longer grant a motion for mistrial.... A trial court order declaring a mistrial after the conclusion of the trial is a nullity.... A request for a mistrial made after the jury returns its verdict is untimely.

*Franklin v. Southwestern Bell Telephone Co.,* 195 S.W.3d 524, 526 (Mo.App. E.D. 2006) (citations and quotation omitted). Given the nature of the relief sought by Plaintiffs, even a ruling in their favor would not have resulted in the jury being returned for further deliberation. If Plaintiffs believed that the verdict was inconsistent, their proper method of seeking relief was to request the trial court to return the jury for further deliberation. *See Douglass,* 712 S.W.2d at 374 (where there was no request that the jury be returned for further deliberation, a claim that the verdict was inconsistent to the point of being self-destructive was deemed to have been waived); and *O'Brien v. Mobil Oil Corp.,* 749 S.W.2d 457, 458 (Mo. App. E.D.1988)(explaining that, "[because] [t]he plaintiff did not request that the jury be returned for further deliberation to clear up the inconsistency in the verdict ... plaintiff's claim of inconsistency has been waived"). While Plaintiffs argue on appeal that the trial court erred in not returning the jury for further deliberation, Plaintiffs did not request such relief. "Without affording the trial court the opportunity to correct any inconsistency in the jury's verdict, [Plaintiffs'] claim of inconsistency has been waived." *Id.* Plaintiffs' point is denied.

## DEFENDANT'S CROSS–APPEAL

In its cross-appeal, Defendant argues that the trial court erred in overruling its motion for judgment notwithstanding the verdict ("JNOV"), because Plaintiffs failed to establish the elements for breach of contract. Specifically, Defendant maintains that "there was no evidence of mutuality of agreement regarding an incentive compensation arrangement[.]" We agree.

We review the trial court's denial of a motion for JNOV under the same standard employed for the denial of a motion for a directed verdict. *Scott v. Blue Springs Ford Sales, Inc.,* 215 S.W.3d 145, 184 (Mo.App. W.D.2006). Our review is limited to determining whether the plaintiff made a submissible case. *Id.* In doing

so, we view the evidence in the light most favorable to the plaintiff, giving the plaintiff the benefit of all reasonable inferences that can be drawn from the evidence, while disregarding all unfavorable evidence and inferences. *Id.* "To make a submissible case, the plaintiff must present substantial evidence establishing each and every element of his claim. Substantial evidence is competent evidence from which the trier of fact can reasonably decide the case." *Id.* (internal citations omitted).

■ "To make a submissible case for breach of contract, a party must establish: (1) mutual agreement between parties capable of contracting; (2) mutual obligations arising out of the agreement; (3) valid consideration; (4) part performance by one party; and (5) damages resulting from the breach of contract." *Leo Journagan Constr. Co., Inc. v. City Utilities of Springfield, Mo.,* 116 S.W.3d 711, 717 (Mo. App. S.D.2003).

■ The portion of the employment contracts relating to incentive compensation provides in part that "[Defendant] shall implement an incentive compensation arrangement for Emergency Department physician employees of the Emergency Department based upon productivity[.]" The contracts do not set forth the terms of the incentive compensation arrangement, and the testimony at trial reveals that those terms were never agreed upon between the parties.

To establish a submissible case of breach of contract, a plaintiff must first establish the existence of an agreement. In order for a contract to be formed, the parties must mutually assent to its terms. The nature and extent of the contract's essential terms must be certain or capable of being certain. If the parties have reserved the essential terms of the contract for future determination, there can be no valid agreement.

*Smith v. Hammons,* 63 S.W.3d 320, 325 (Mo.App. S.D.2002) (citations and quotations omitted).

Here, the evidence was undisputed that the parties reserved the essential terms of the incentive compensation agreement for future determination. Under such circumstances there can be no breach of contract claim, because the element of "mutuality of agreement" is lacking. *See Smith,* 63 S.W.3d at 325. Because Plaintiffs failed to establish each element of its breach of contract claim, it did not make a submissible case on that claim. The trial court erred in denying Defendant's motion for JNOV. Defendant's point is well taken.

The trial court's judgment in favor of Plaintiffs awarding zero damages, and assessing court costs against Defendant, is reversed. The case is remanded to the trial court with instructions to enter judgment for Defendant.

BATES, C.J., and BARNEY, J., concur.